Robert D. CENTERS, Appellant,

v.

STATE of Indiana, Appellee.

No. 584S167.

Supreme Court of Indiana.

Dec. 16, 1986.

416

G. Gene Arnholt, Columbus, for appellant.

Linley E. Pearson, Atty. Gen. and Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Centers entered his pleas of guilty to felony murder and two (2) counts of attempted robbery (class A felony). Pursuant to a plea agreement, he received forty-five (45) years for each count, sentences to run concurrently.

The issues raised by appellant all relate to the trial court's denial of appellant's verified motion to withdraw pleas of guilty filed prior to sentencing. He claims his pleas were not knowingly and voluntarily entered: (1) due to the confusion he experienced as a result of the manner in which his plea change hearing was conducted; (2) due to his being misinformed that he would not thereafter receive consecutive sentences on charges pending in other counties; and (3) due to the unavailability of crucial evidence until after the pleas were entered.

These are the facts from the record which tend to support the trial court's denial of appellant's motion to withdraw his pleas of guilty.

On October 25, 1983, the morning of trial, appellant and the State entered into an oral plea agreement and presented it to the trial court. Appellant pled guilty to one count of felony murder and two counts of class A felony attempted robbery with sentences of forty-five (45) years for each count to run concurrently. The State agreed to drop two (2) class C battery

charges along with a charge of reckless homicide. The trial court took the entered pleas under advisement, ordered a pre-sentence report, scheduled a sentencing hearing, and aborted the trial.

On November 9, 1983, the scheduled sentencing date, appellant orally informed the Court he wished to withdraw his pleas of guilty. The trial court set November 21, 1983, as the hearing date on the motion to withdraw the pleas of guilty and possible sentencing date. Appellant filed his verified motion for leave to withdraw guilty pleas on November 21, 1983. On that date, the trial court conducted a hearing, denied appellant's motion to withdraw pleas and accepted the terms of the plea agreement. Appellant was sentenced to forty-five (45) years on each of the 3 counts and the State dismissed the remaining charges. Appellant then filed a timely motion to correct errors which was denied by the trial court.

■ The foundation of each issue raised by appellant is that the trial court erred by denying his motion to withdraw his pleas of guilty prior to sentencing. Once the accused enters a plea of guilty, that plea cannot be withdrawn without leave of court. *Peters v. Koepke*, (1901), 156 Ind. 35, 59 N.E. 33. The statute pertinent to withdrawal of guilty pleas reads as follows:

35–35–1–4 Withdrawal of plea; motion; requisites; procedures.

Sec. 4. (a) * * *

(b) After entry of a plea of guilty, ... but before imposition of sentence, the court *may* allow the defendant by motion to withdraw his plea of guilty, .... for *any fair and just reason* unless the state has been substantially prejudiced by reliance upon the defendant's plea.... The ruling of the court on the motion *shall* be reviewable on appeal only for an abuse of discretion. However, the court *shall* allow the defendant to withdraw his plea of guilty,.... whenever the defendant proves that withdrawal of the plea is necessary to correct *a manifest injustice.*

(c) .... For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever: .... (3) the plea was not knowingly and voluntarily made. [Emphasis supplied]

■ The statute provides that withdrawal of a plea of guilty must be allowed when necessary to correct a manifest injustice. Appellant contends his pleas were not knowingly and voluntarily made and were therefor the product of manifest injustice. Upon this foundation appellant presents three separate arguments to support his claim that the trial court erred in not permitting withdrawal of his pleas of guilty.

I

Appellant asserts that the plea change hearing was so confusing and the atmosphere so intimidating that while he entered the pleas of guilty, he did not understand the terms of the agreement.

■ At the hearing on the motion to withdraw the pleas, appellant testified he had been under the impression he would be pleading to one count of felony murder. He asserts that given the lack of a written plea agreement, the ambiguous language used by the trial judge regarding minimum and maximum sentences, the last minute changes in the terms of the plea agreement, the failure to state a factual basis for one count and the oppressive atmosphere of the courtroom, he entered the pleas of guilty even though he was confused as to the terms of the agreement.

I.C. § 35–35–3–3 states:

Sec. 3. (a) No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:

(1) in writing; and

(2) before the defendant enters a plea of guilty.

In the instant case, the terms of the agreement were entered into the record but the plea agreement was not independently reduced to writing. Following appellant's plea, the prosecutor sent the court a written memorandum containing the terms of the agreement. While the above statute

clearly states that the agreement must be in writing, and the policy is undoubtedly a wise one and should be enforced, it has been held that failure to reduce an agreement to writing need not itself be deemed a sufficient ground for rejection. *Davis v. State* (1981), Ind.App., 418 N.E.2d 256. Further, appellant does not claim the state failed to abide by the terms of the agreement. The details of the plea agreement were orally entered into the record prior to appellant's pleas of guilty. Based upon the record of proceeding here, the trial court was not bound to conclude that the lack of a written agreement materially affected appellant's decision.

█ Appellant also argues the ambiguous language of the judge, the last minute changes and the oppressive atmosphere rendered his plea unknowing and involuntary. While the trial court could certainly have explained the minimum and maximum applicable sentences in a more clear and concise manner, the requisite information was still adequately conveyed to the appellant. Further, at the time appellant entered his pleas, he had every opportunity to question the court, the prosecutor or his attorney as to the terms of the agreement.

The record reflects the following proceedings:

JUDGE—All right. Now I will be asking you some questions Mr. Centers. Obviously, its very important that you make sure that you understand those questions that I ask. At no time do I ask that you guess uh ... if for any reason that you don't understand what I'm asking or if there is some confusion please confer with Mr. Arnholt and lets try to straighten out the confusion before you give me an answer. Obviously, your answers are very important to this plea do you understand that?

MR. CENTERS—Yes I do.

JUDGE—All right, now its my understanding that you wish to enter pleas of guilty to Count I, Count II as amended and Count III as amended, is that correct?

MR. CENTERS—Yes sir.

JUDGE—All right, now I will ask you this question then sir or these questions. Is it true that on the 5th day of September, 1979, while in Bartholomew County, Indiana, that you and some cohorts uh ... Ms. Brown in particular and yourself uh ... kill another human being uh ... in particular Roger Thurlow, while committing or attempting to commit Burglary or Robbery?

MR. CENTERS—Yes I did.

JUDGE—All right, to that charge of Felony Murder, Count I, a class A felony, how do you wish to plea?

MR. CENTERS—Guilty.

JUDGE—Is it true that on the 5th day of November, 1979, that uh ... you, Ms. Brown and Mr. Johnson, did knowingly attempt to take property from another person or from the presence of another person particular, a James Hand resulting in bodily injury to another person in particular, James Hand and Julie Owen on that date in Bartholomew County, Indiana? .

MR. CENTERS—Yes I did.

JUDGE—And to that charge of Attempted Robbery, a class A felony, how do you wish to plead?

MR. CENTERS—Guilty

JUDGE—All right and as to Count III as amended, it has been alleged on the 5th day of November, 1979, while in Bartholomew County, Indiana, both you, Ms. Brown and Mr. Johnson, did knowingly attempt or to take property from another person or from the presence of another person particular, a Gloria Hand uh resulting in injury to another person both James Hand and Julie Owen?

MR. CENTERS—Yes I did.

JUDGE—And to that charge of Attempted Robbery, Count III, a class A felony, how do you wish to plead?

MR. CENTERS—Guilty.

\*　　\*　　\*　　\*　　\*　　\*

JUDGE—Now we've gone over the minimum and maximum sentences with respect to these Counts, do you have any questions as to that?

MR. CENTERS—No I don't

JUDGE—All right, are you clear on what you are essentially facing?

MR. CENTERS—Yes.

Appellant also contends there was an inadequate factual basis for Count III, attempted robbery of Gloria Hand. However, as shown above, appellant admitted the allegations.

While the intimidating atmosphere and confusion of the hearing could certainly have had an effect on appellant, the record demonstrates that he was given ample opportunity to question the agreement or relate any confusion. Some degree of intimidation and confusion will always be present and be left on poignant occasions such as these, and is consistent with the requirement of a knowing, intelligent and voluntary plea of guilty.

■ As a general rule, withdrawals of guilty pleas prior to sentencing should be freely allowed whenever it appears fair or just and motions made within a few days of the initial pleading should be favorably considered. However, unless there is a manifest injustice shown, the decision to permit withdrawal is completely within the discretion of the trial court.

> "Generally, a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court. *Mahoney v. State* (1925), 197 Ind. 335, 149 N.E. 444. Where the trial court overrules a motion to withdraw a Plea of Guilty this court, on appeal, will indulge a presumption in favor of the trial courts ruling. *Lamick v. State* (1924 [1925]), 196 Ind. 71, 147 N.E. 139. This court will generally not disturb the ruling of the trial court where such ruling was based on conflicting evidence. *Atkinson v. State* (1920), 190 Ind. 1, 128 N.E. 433. It is only where the trial court has abused its discretion in overruling appellants motion to withdraw a plea of guilty that this court will disturb such ruling."

*Thacker v. State* (1970), 254 Ind. 665, 262 N.E.2d. 189.

Therefore, while the overall procedure of appellant's guilty plea hearing could have been improved, it was not enough to render his pleas unknowing or involuntary. The assertion that he only intended to plead to one count of felony murder is not supported by the record. He had several opportunities to raise this point when the specific subject was addressed. The ruling of the trial court is not deficient on this ground.

## II

■ Appellant asserts that his pleas of guilty were not knowingly or voluntarily made, and therefore manifestly unjust because he had been misinformed that he would not thereafter receive consecutive sentences on charges pending in other jurisdictions. However, appellant acknowledges he realized that there was no guarantee on this issue. His testimony at the plea withdrawal hearing stated:

Q. Now at one point and time isn't it true that you wanted a commitment from Wayne County specifically to run any time out of that County concurrent to this County?

A. Yes, I did desire that.

Q. But that, there was no guarantee of that at the negotiations?

A. No there wasn't.

Q. So you knew coming into your guilty pleas that there was no guarantee that they would run anything concurrent?

A. Right.

Q. Even though you had tried to set that up say the day before or whenever that was as a part of the plea you wanted that to be the case but knew coming in that there was no guarantee of that?

A. I realize it wasn't a guarantee.

Given appellants own admissions, the circumstances show an adequate appreciation of the risk that consecutive sentences

might result. A result within that risk would not constitute a manifest injustice or render the pleas involuntary or unknowing.

### III

Appellant asserts his pleas of guilty were not knowingly or voluntarily made, and therefore manifestly unjust, as a result of the unavailability of crucial evidence until after the appellant entered his guilty pleas. This evidence consisted of the statements of jail inmates who had heard two of the prosecutions witnesses conspire to fabricate their accounts of the offense. Appellant urges that this newly discovered evidence was crucial and that he should have been permitted to present it as a defense. Appellant however did have an opportunity to bring the evidence before the court. Appellant testified as to the existence of the newly discovered evidence at the hearing on the motion to withdraw the pleas. It would have been stronger if he would have seized upon the opportunity and presented the actual witnesses or their statements by affidavit. Appellant's testimony, without support, diminished the persuasive effect of the evidence.

In this case, appellant had an arraignment, had counsel appointed, had almost seven months for preparation prior to trial and received advisement of all of his rights prior to his entering the pleas of guilty. Looking at the entire record, it does not reflect a manifest injustice. Given the absence of injustice, the trial court was not in error in denying appellant's motion to withdraw his plea of guilty.

The conviction is affirmed.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.