**Michael MORRISON,
Petitioner–Appellant,**

v.

**STATE of Indiana,
Respondent–Appellee.**

No. 02A03–8805–PC–131.

Court of Appeals of Indiana,
Third District.

March 16, 1989.

Susan K. Carpenter, Public Defender, Debra M. Law, Deputy Public Defender, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

GARRARD, Presiding Judge.

Michael Morrison was tried by jury and was convicted of robbery as a Class A felony. His subsequent petition for post conviction relief was denied and he now brings a belated appeal.

He charges that he was denied effective assistance of counsel, first through the actions of his trial attorney, and subsequently through the actions of the attorney that represented him in the post conviction relief proceeding.

Pursuant to *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, adopted in Indiana, *Lawrence v. State* (1984), Ind., 464 N.E.2d 1291, the test of such claims is two pronged. First, he must show that specific conduct of counsel was outside the wide range of professionally competent assistance. Secondly, if that is done, he must show that except for the errors of counsel there is a reasonable probability the result of the trial would have been different. 464 N.E.2d at 1294.

We need only consider the second prong. Morrison complains that trial counsel erred by failing to discover an error in the police report of the offense and by not interviewing his alibi witnesses until the day of trial. He makes no showing that he was prejudiced thereby and the post conviction court so found. He claims that subsequent counsel could have raised the issue concerning trial counsel by direct appeal and therefore the court might have treated the error as waived when it was presented in a post conviction relief proceeding. The trial court, however, did *not* treat the issue as waived but ruled on its merits. Thus, there is again no showing of prejudice. Since the *Strickland* standard was not met, it follows that the less stringent standard for effective assistance recently announced in *Baum v. State* (1989), Ind., 533 N.E.2d 1200, as applicable to claims of ineffective assistance of post conviction relief counsel was not met either.

AFFIRMED.

HOFFMAN and SULLIVAN, JJ., concur.