Randy L. **FLETCHER**, Defendant–
Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 02S04–9505–CR–00497.

Supreme Court of Indiana.

May 1, 1995.

Richard J. Thonert, Romero & Thonert, Auburn, for appellant.

Pamela Carter, Atty. Gen. of Indiana and Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

DICKSON, Justice.

Defendant was convicted upon his plea of guilty to a charge of operating a vehicle while intoxicated. Finding that the trial court erred in summarily denying, without a hearing, the defendant's motion to withdraw his guilty plea, the Court of Appeals reversed and remanded to the trial court for a hearing on the motion. *Fletcher v. State* (1994), Ind. App., 632 N.E.2d 1164. We grant the State's petition for transfer.

In his appeal from the conviction, the defendant has raised two issues: (a) whether the trial court erred by summarily ruling on his petition for withdrawal of guilty plea without holding a hearing, and (b) whether the trial court erred by denying the motion to withdraw the guilty plea.

■ Pursuant to Indiana Code § 35–35–1–4(b), a trial court is authorized to allow a defendant to withdraw by motion his plea of guilty before the imposition of sentence. The statute continues:

> The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty ... whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Ind.Code § 35–35–1–4(b). As a general rule, the withdrawal of a guilty plea before sentencing "should be freely allowed whenever it appears fair or just and motions made within a few days of the initial pleading should be favorably considered." *Centers v. State* (1986), Ind., 501 N.E.2d 415. The statute contains no express requirement for a hearing. A defendant seeking to withdraw his plea "has the burden of establishing his grounds for relief by a preponderance of the evidence." Ind.Code § 35–35–1–4(e). When a defendant moves to withdraw a guilty plea before sentencing, the trial court's ruling is reviewed only for abuse of discretion. *Trueblood v. State* (1992), Ind., 587 N.E.2d 105, 110, *cert. denied*, —— U.S. ——, 113 S.Ct. 278, 121 L.Ed.2d 205; *Centers*, 501 N.E.2d at 419. Appellate courts will indulge a presumption in favor of the trial court's ruling. *Centers*, 501 N.E.2d at 419.

■ The defendant contends that he was entitled to a hearing on his motion. However, by requiring such a motion to be verified and to contain facts in support of the relief demanded, and by expressly permitting the State to file counter-affidavits in opposition, the statute contemplates a summary proceeding. Convening a hearing is merely a discretionary option of the trial court. There was no error in failing to conduct a hearing.

■ The defendant argues that withdrawal of his guilty plea was required because of an insufficient factual basis for accepting the plea. He claims the absence of a showing that his intoxication impaired him to "such an extent as to endanger any person." Ind.Code § 9–13–2–86. He further contends that withdrawal of the plea should have been granted because the guilty plea record fails to disclose that the defendant knew that he was waiving his rights to confrontation and trial by jury and the privilege against self-incrimination. These claims were presented at trial by the defendant's Verified Motion for Withdrawal of Guilty Plea. The State did not file any counter-affidavits.

At the initial hearing, the deputy prosecutor informed the defendant that he was charged with a class A misdemeanor, operating a motor vehicle in a state of intoxication on November 15, 1992, at Leesburg and Bass Roads in Allen County. The prosecutor asked the defendant, "Did you see and understand your rights?" The defendant responded, "Yes, sir." After the defendant stated that he desired to plead guilty, the prosecutor asked, "Do you understand that by pleading guilty you are giving up all of your rights?" He also asked the defendant, "And you're admitting that you were operating while intoxicated?" The defendant answered "yes" to both questions. Record at 15–16. It was the usual practice in the Traffic and Misdemeanor Courtroom of the Allen Superior Court to play a standard, pre-recorded Advice of Rights videotape for all defendants at 9:00 a.m. each day. Supplemental Record at 15. Among the information provided defendants by this videotape are specific advisements of the rights of confrontation and trial by jury and the privilege against self-incrimination. Supplemental Record at 6–7. The defendant's admission during the initial hearing that he had seen and understood his rights contradicts his subsequent claim that his plea was unknowing and involuntary because he was not advised of his rights of confrontation and jury trial and of the privilege against self-incrimination.

Furthermore, the defendant's express acknowledgment that he was operating while intoxicated constitutes a sufficient factual basis for acceptance of the plea. Notwithstanding the fact that the statutory definition of "intoxicated" refers to "the loss of normal control of faculties to an extent that endan-

gers a person," Ind.Code § 9–13–2–86(4), we will not require a plea of guilty to be supported by a distinct showing of actual endangerment. Endangerment may be established by a showing that a defendant's condition or manner of driving *could have* endangered any person. *Shaw v. State* (1992), Ind.App., 595 N.E.2d 743, 746; *Lepard v. State* (1989), Ind.App., 542 N.E.2d 1347, 1350. The defendant's admission of operating his vehicle while intoxicated amounts to an admission that his condition was such as to endanger others on the road. The factual basis for accepting this plea was sufficient.

In conclusion, we find that the defendant-appellant has failed to demonstrate an abuse of discretion by the trial court in denying his motion to withdraw his guilty plea. The trial court's subsequent discourteous remarks were improper and regrettable [1] but do not invalidate the correctness of the trial court's decision denying the motion. Judgment affirmed.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

---

1. Following the summary denial of the defendant's motion to withdraw his guilty plea and his request for a hearing thereon, the trial court stated:

    Shut up and get out of here. He saw his rights. He was asked whether he saw his rights. If he didn't see his rights, we read him his rights. I make that a policy in doing that.

So either one of two things happened: he either lied to the court when he was asked by Mr. Hicks whether he saw his rights, or he is lying now that he didn't see his rights. If you want to check the record, if you want to appeal it, appeal it. That's fine. I am sentencing him and I am done with this case. That's it. Record at 20–21.