**In the Matter of Richard J. THONERT.**

No. 02S00–9902–DI–151.

Supreme Court of Indiana.

Aug. 22, 2000.

Richard J. Thonert, Respondent pro se.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

PER CURIAM.

The respondent in this attorney disciplinary matter is charged with failing to disclose to an appellate tribunal controlling authority known to him, not disclosed by opposing counsel, that was directly adverse to his client's position. He also failed to advise his client of the adverse authority when his client was contemplating his legal options.

This matter is presented to this Court upon the Disciplinary Commission's and the respondent's *Statement of Circumstances and Conditional Agreement for Discipline,* entered pursuant to Ind.Admission and Discipline Rule 23(11)(c), in

resolution of this matter. That agreement is before us now for approval. We note that our jurisdiction of this matter derives from the respondent's admission to the practice of law in this state in 1974.

The parties agree that the respondent represented a client charged with operating a motor vehicle while intoxicated. Prior to the client's initial hearing and before the client met with or hired the respondent, the client was advised by videotape of his rights. He pleaded guilty to the charge, and the matter was set for sentencing hearing. Prior to that hearing, the client met with the respondent to discuss the possibility of withdrawing his guilty plea. During their meeting, the respondent told the client of another criminal case, *Snowe v. State*, 533 N.E.2d 613 (Ind. Ct.App.1989), in which the respondent had prevailed on appeal for the defendant. He provided a copy of the Indiana Court of Appeals decision to his new client. The respondent agreed to represent the client for $5,000, which the client paid.

*Snowe* also involved a prerecorded videotaped televised advisement of rights, but the record in that case failed to indicate whether the defendant had ever viewed the tape advising him of his rights. Further, the opinion held that a trial court judge cannot rely solely on displaying a videotape advisement of rights, but instead must also determine whether the defendant knows of and understands his rights, the nature of the charge or charges against him, the full import of the rights waiver in his guilty plea, and the sentencing possibilities for the charges against him. *Snowe*, 533 N.E.2d at 617.

At the client's initial hearing, it was established that he had viewed the videotape, that the videotape advised him of his rights and the sentencing possibilities under the charges filed against him, that he

understood the charge against him and his rights as explained in the videotape, and that he voluntarily waived those rights and pleaded guilty.

On May 30, 1996, the respondent entered an appearance on behalf of the client and filed a motion to withdraw the guilty plea. The trial court denied the motion without hearing. The respondent appealed that ruling, alleging that his client had a right to withdraw the plea because, due to the absence of counsel at the time he entered it and the fact that the record did not reflect that the trial court properly examined the client as to waiver of his rights, the client had not made it knowingly, intelligently, or voluntarily. The respondent further argued that the client had a right to a hearing on his motion to withdraw the plea.

The respondent represented the defendant in *Fletcher v. State*, 649 N.E.2d 1022 (Ind.1995). In that case, this Court addressed the questions that the respondent raised in his client's case. The ruling in *Fletcher* was adverse to the arguments that the respondent offered on appeal of his client's case.[1] The respondent had served as counsel of record for defendant Fletcher in the appeal before this Court. This Court's ruling in *Fletcher* was issued on May 1, 1995, over one year before the respondent filed his appeal on behalf of the client. In his appellate brief filed on behalf of the client, the respondent failed to cite to *Fletcher* or argue that its holding was not controlling authority in the client's case. The respondent also failed to argue that the holding in *Fletcher* should be changed or extended. Although he advised his client of the *Snowe* case, he failed to advise him of *Fletcher* or explain any impact *Fletcher* might have on his case. Opposing counsel had not previously disclosed *Fletcher* to the Court of Appeals.

---

1. In *Fletcher*, we noted, "The defendant's admission during the initial hearing that he had seen and understood his rights contradicts his subsequent claim that his plea was unknowing and involuntary ..." *Id.* at 1023. As to the right to a hearing on a motion to withdraw a plea, the opinion provides that, "[c]onvening a hearing is merely a discretionary option of the trial court." *Id.*

■ Indiana Professional Conduct Rule 3.3(a)(3) provides that a lawyer shall not knowingly fail to disclose to a tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel. The concept underlying this requirement of disclosure is that legal argument is a discussion seeking to determine the legal premises properly applicable to the case. *Comment* to Ind.Professional Conduct Rule 3.3. The respondent's intimate familiarity with *Fletcher* is established by his having served as counsel to the defendant. Accordingly, we find that the respondent violated the rule by failing to disclose *Fletcher* to the Court of Appeals in his legal arguments on behalf of the client.

■ Professional Conduct Rule 1.4(b) provides that a lawyer shall explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding a representation. A client should have sufficient information to participate intelligently in decisions concerning the objectives of the representation. *Comment* to Prof.Cond.R. 1.4. By failing to advise his client of a ruling in the controlling jurisdiction that was adverse to the legal arguments contemplated for his client's case on appeal, and instead choosing only to advise the client of an earlier appellate decision favorable to his position, the respondent effectively divested his client of the opportunity to assess intelligently the legal environment in which his case would be argued and to make informed decisions regarding whether to go forward with it. Accordingly, we find that the respondent violated Prof.Cond.R. 1.4(b).

The parties agree that the respondent should be publicly reprimanded for his misconduct. We agree that a public admonishment is appropriate in this case, given the negative impact on the efficient resolution of the client's appeal occasioned by the respondent's lack of disclosure and its attendant deception of the client as to the viability of any efforts to withdraw the guilty plea. Accordingly, we accept the parties' agreement and the discipline called for therein.

It is, therefore, ordered that the respondent, Richard J. Thonert, is hereby reprimanded and admonished for his violations of Prof.Cond.R. 3.3(a)(3) and 1.4(b).

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs are assessed against respondent.