**Timothy L. BARNES, Appellant–Defendant,**

*v.*

**STATE of Indiana, Appellee–Plaintiff.**

**No. 29A05–0003–CR–93.**

Court of Appeals of Indiana.

Nov. 27, 2000.

Rehearing Denied Jan. 10, 2001 and Jan. 22, 2001.

---

Mary L. Davidsen, O'Brien & Davidsen, Noblesville, Indiana, Attorney for Appellant.

Karen Freeman–Wilson, Attorney General of Indiana, Robin Hodapp–Gillman, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BARNES, Judge

### Case Summary

Timothy L. Barnes appeals the trial court's denial of his motion to withdraw his guilty plea to a charge of theft, a class D felony. We affirm.

### Issue

The dispositive issue raised by Barnes on appeal is whether the trial court properly denied his motion to withdraw his plea.

### Facts

Barnes was charged with theft and offered a plea agreement. The plea agreement called for Barnes to be sentenced as follows:

> Three years in the Department of Corrections, with *180 days ordered executed* and the execution of Two (2) years and 185 days ordered suspended. The Defendant shall be placed on probation for a period of Two years, under those terms imposed by the Court, including that the Defendant: 1) pay all fines and costs; 2) complete 40 hours of community service work; 3) serve 90 actual days on Electronic Monitor Home Detention
> . . .
> Defendant given credit for 7 actual days served. . . .

Record p. 69 (emphasis added).

At the guilty plea hearing on January 3, 2000, the trial court advised Barnes of his rights and asked him if he had any questions. Barnes indicated that he had read and signed the plea agreement. He agreed that he understood the plea agreement and that he had no questions of the court with respect to its terms. The trial court then found that Barnes had voluntarily entered his guilty plea and set the matter for sentencing. At the sentencing hearing, the trial court accepted the plea agreement, entered judgment of conviction, and sentenced him pursuant to the agreement. The trial court asked him if he had any questions regarding any of the

terms of the sentence, and Barnes replied that he did not. When the trial court asked Barnes when he intended to report to serve the balance of his sentence, Barnes expressed surprise that he was to be incarcerated for a portion of the sentence. After conferring with the trial court and with Barnes, defense counsel told the trial court, "I've explained to Mr. Barnes, and I apologize to Mr. Barnes for the misunderstanding about the plea. I thought we'd understood each other." Record p. 116. At that point, Barnes made an oral motion to withdraw his guilty plea. The trial court denied the request, stating:

> The record has been made that the defendant knew what the plea agreement was, that he had sufficient time to go over it with counsel, that he had opportunity to ask the Court about any of the terms of his plea agreement, and that there was no issue raised about this plea agreement until the Court pronounced sentence.

Record p. 117.

### Analysis

The dispositive issue is whether the trial court abused its discretion when it denied Barnes' motion to withdraw his guilty plea.[1] Because his motion came after the trial court sentenced him, it falls under the purview of Indiana Code Section 35–35–1–4(c), which states:

> (c) After being sentenced following a plea of guilty, or guilty but mentally ill at the time of the crime, the convicted person may not as a matter of right withdraw the plea. However, upon motion of the convicted person, the court

shall vacate the judgment and allow the withdrawal whenever the convicted person proves that withdrawal is necessary to correct a manifest injustice. A motion to vacate judgment and withdraw the plea made under this subsection shall be treated by the court as a petition for postconviction relief under the Indiana Rules of Procedure for Postconviction Remedies. For purposes of this section, withdrawal of the plea is necessary to correct a manifest injustice whenever:

> (1) the convicted person was denied the effective assistance of counsel;

> \* \* \* \* \*

> (3) the plea was not knowingly and voluntarily made. . . .

The trial court's ruling on a motion to withdraw a guilty plea arrives in this Court with a presumption in favor of the ruling. *Coomer v. State*, 652 N.E.2d 60, 62 (Ind.1995). On appeal, we presume the trial court's decision was correct and review it only for an abuse of discretion. *Fletcher v. State*, 649 N.E.2d 1022, 1023 (Ind.1995).

Barnes claims that a manifest injustice has occurred because his plea was not knowingly and voluntarily made and because he received ineffective assistance of counsel. Specifically, he claims that he was not aware that actual jail time was part of the sentence and that his counsel was ineffective because he did not properly inform him of the sentence. Our review of the record leads us to the conclusion that Barnes has not overcome the presumption of validity accorded the trial court's denial of his motion to withdraw his guilty plea.

---

1. The State maintains that Barnes waived review of the issue by failing to file a written, verified motion to withdraw his guilty plea. The State recognizes that while Indiana Code Section 35–35–1–4(b), which pertains to the withdrawal of a guilty plea before sentencing, specifically requires that a motion to withdraw be in writing and verified, Section 35–35–1–4(c) contains no such language. Rather, it provides that motions to withdraw made after sentencing shall be treated as post-conviction relief petitions governed by the Indiana Rules of Procedure for Post Conviction Remedies. The State maintains that because post-conviction relief petitions must be in writing pursuant to Rule 1(2), so too must a motion to withdraw filed after sentencing. However, we choose to address this issue on the merits and, therefore, do not reach the question of whether Barnes' motion to withdraw should have been in writing.

Barnes had ample time to confer with counsel about the terms of the plea agreement before entering a guilty plea and had the opportunity to make sure he understood the language contained in the plea agreement. In fact, Barnes stated during his guilty plea hearing that his counsel had been available to answer any questions he might have had and that he had enough time to review the plea agreement with his counsel. The trial court articulated the sentence to Barnes as provided by the written terms of the agreement, which Barnes reviewed and signed. Although Barnes now makes much of a "whisper conference" at the defense table during which Barnes claims his counsel told him that "I forgot to tell you there was jail time," the trial court could have properly relied upon defense counsel's statement that he thought he and Barnes understood each other. Appellant's Brief p. 6. Therefore, there was no manifest injustice here that would have required the trial court to grant the request to withdraw his guilty plea in light of the fact that the sentence was clearly set forth in the plea agreement and the trial court sentenced him accordingly. *See Coomer,* 652 N.E.2d at 60 (finding no manifest injustice even though defense counsel misinformed defendant about the possible sentence for the crime to which he pled guilty when the trial court clearly explained the penalty range and the defendant indicated he understood the explanation). The trial court did not abuse its discretion when it denied the motion to withdraw the guilty plea.

### Conclusion

Barnes has failed to demonstrate that the trial court's denial of his motion to withdraw his guilty plea after sentencing was an abuse of discretion. Therefore, we affirm in all respects.

Affirmed.

BAILEY and RILEY, JJ., concur.