**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 18 2013, 6:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JACK QUIRK**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ELLEN H. MEILAENDER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLINT BRADLEY a/k/a SAM JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1209-CR-760 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-1105-FA-5

**July 18, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Clint Bradley entered pleas of guilty to two Class B felonies, but then moved to withdraw those pleas. The trial court denied Bradley's motion. Bradley raises three issues, two of which we may address on direct appeal:[1] whether the trial court abused its discretion when it denied Bradley's motion without a hearing and whether his trial counsel was ineffective. We affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Bradley with eight felonies. Bradley moved to suppress certain evidence because a search warrant was defective. After a hearing, the motion was denied. Bradley then agreed to plead guilty to Class B felony dealing in cocaine[2] and Class B felony unlawful possession of a firearm by a serious violent felon,[3] and the State agreed to dismiss the other charges.

Bradley moved to withdraw his guilty plea, but the trial court denied that motion without a hearing.

## DISCUSSION AND DECISION

1.      Withdrawal of Plea

After a defendant pleads guilty but before a sentence is imposed, a defendant may move to withdraw the plea. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001). The court

---

[1] Bradley's convictions were entered pursuant to a plea agreement. He now challenges the denial of his motion to suppress, but a defendant cannot question pre-trial orders after a guilty plea is entered. *Branham v. State*, 813 N.E.2d 809, 811 (Ind. Ct. App. 2004).

[2] Ind. Code § 35-48-4-1.

[3] Ind. Code § 35-47-4-5.

2

must allow a defendant to withdraw a guilty plea if necessary to correct a manifest injustice, but must deny the motion if withdrawal would substantially prejudice the State. *Id.* In all other cases, the court may grant the motion for any fair and just reason. *Id.*

A ruling on a motion to withdraw a guilty plea arrives before us with a presumption in favor of the ruling. *Id.* We will reverse the trial court only for an abuse of discretion. *Id.* In determining whether a trial court has abused its discretion, we examine the statements made by the defendant at his guilty plea hearing to decide whether his plea was offered "freely and knowingly." *Id.*

> Withdrawal of a plea is necessary to correct a manifest injustice when:
>
> (1) the convicted person was denied the effective assistance of counsel;
> (2) the plea was not entered or ratified by the convicted person;
> (3) the plea was not knowingly and voluntarily made;
> (4) the prosecuting attorney failed to abide by the terms of a plea agreement; or
> (5) the plea and judgment of conviction are void or voidable for any other reason.
> The motion to vacate the judgment and withdraw the plea need not allege, and it need not be proved, that the convicted person is innocent of the crime charged or that he has a valid defense.

Ind. Code § 35-35-1-4.

Bradley's argues the trial court abused its discretion because it denied his motion without a hearing: "when the Court overruled his motion to withdraw his plea of guilty, without a hearing, he was denied the opportunity to present evidence to support his verified

3

petition."[4]  (Br. of Defendant-Appellant at 10.)  The trial court did not abuse its discretion, as it was not required to conduct a hearing on the matter.

In *Fletcher v. State*, 649 N.E.2d 1022, 1023 (Ind. 1995), Fletcher contended he was entitled to a hearing on his motion to withdraw his guilty plea.  Our Supreme Court held convening a hearing on such a motion is merely a discretionary option of the trial court:  "by requiring such a motion to be verified and to contain facts in support of the relief demanded, and by expressly permitting the State to file counter-affidavits in opposition, the statute contemplates a summary proceeding." *Id.*

As the trial court did not abuse its discretion in declining to conduct a hearing on Bradley's motion to withdraw his guilty plea, and Bradley offers no argument why denial of the motion was a manifest injustice, we find no error and affirm the trial court.

2.      Effectiveness of Counsel[5]

Bradley argues his trial counsel was ineffective because counsel's actions "were not supported by a reasonable strategy" and "better care and diligence should have been used to obtain a plea agreement which did not call for eighteen (18) years executed."  (Br. of Defendant-Appellant at 13.)

---

[4]  The petition was premised on Bradley's allegation a search warrant should not have been issued.  That issue was litigated in the Motion to Suppress proceedings, and as noted above, cannot be revisited on direct appeal.

[5]  The State asserts this allegation of error is not available to Bradley because it is a "challenge[] to the validity of his conviction," (Br. of Appellee at 9), which may not be raised on direct appeal after a guilty plea.  As our Supreme Court has explicitly said ineffectiveness of counsel may be raised on direct appeal, we will address Bradley's claim his counsel was ineffective.  *See, e.g.*, *Woods v. State*, 701 N.E.2d 1208, 1216 (Ind. 1998) ("ineffective assistance may be raised on direct appeal, but if it is not, it is available in postconviction proceedings irrespective of the nature of the issues claimed to support the competence or prejudice prongs").

4

A defendant alleging ineffective assistance of counsel on direct appeal bears a rigorous burden. *Conner v. State*, 711 N.E.2d 1238, 1252 (Ind. 1999). When the challenge is to counsel's strategic decisions, ineffectiveness is very rarely found. *Id*. We are particularly deferential to counsel's strategic decision making. *Id*.

Pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), Bradley must show that specific conduct of counsel was outside the wide range of professionally competent assistance. If that is done, he must show that except for the errors of counsel there is a reasonable probability the result of the trial would have been different. *Morrison v. State*, 535 N.E.2d 555, 556 (Ind. Ct. App. 1989). Bradley has shown neither.

Bradley concedes the "record is void of evidence of ineffective assistance of counsel," (Br. of Defendant-Appellant at 13), and he directs us to no "specific conduct" by counsel except that "the motion to withdraw the guilty plea was without facts." (*Id.*) That mischaracterizes the motion, which explicitly lists four "facts in support of the motion." (App. at 65.) As Bradley has not met his rigorous burden to show counsel's conduct was outside the wide range of professionally competent assistance and he was prejudiced as a result, we cannot reverse on that ground.

## CONCLUSION

The trial court was not obliged to conduct a hearing on Bradley's motion to withdraw his guilty plea, and Bradley has not demonstrated his counsel was ineffective. We therefore affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.