## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2019, 10:06 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William T. Myers
Marion, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Timothy D. Weinley,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 9, 2019

Court of Appeals Case No.
19A-CR-555

Appeal from the Huntington
Superior Court

The Honorable Jennifer E.
Newton, Judge

Trial Court Cause No.
35D01-1809-F6-228

**Barnes, Senior Judge.**

# Case Summary

[1] Timothy D. Weinley appeals the denial of his motion to withdraw his guilty plea. We affirm.

# Issue

[2] The sole issue Weinley raises is whether the trial court abused its discretion when it denied his motion to withdraw his guilty plea.

# Facts

[3] The facts, taken from the factual basis for Weinley's guilty plea, are as follows:

> On July 3, 2018, I[, Weinley,] was confined at the Huntington County Jail and working in the kitchen. On that date, I followed the second shift cook, [A.C.], into the freezer. I told [A.C.] that she was not leaving until I got a kiss. When [A.C.] told me to knock it off, I stepped closer to her and repeated that she was not leaving until I got a kiss. I positioned myself to block [A.C.] from leaving the freezer. [A.C.] had to forcefully push me away in order to leave the freezer.

Appellant's App. Vol. 2, p. 26. On September 24, 2018, the State charged Weinley with criminal confinement as a Level 6 felony.[1]

[4] On November 27, 2018, Weinley signed and filed a motion to enter a guilty plea, by which he agreed to plead guilty to Level 6 felony criminal confinement

---

[1] Ind. Code § 35-42-3-3(a) (2014).

in exchange for a fully executed sentence of two years, with all other terms of his sentence left to the trial court's discretion. He also signed a written advisement and waiver of rights.

[5] That same day, a hearing was held on Weinley's motion. At the hearing, the following exchange occurred regarding whether Weinley had read the motion, the factual basis for his guilty plea that was included in the motion, and the advisement and waiver of rights:

> THE COURT: Are you Timothy Weinley?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have a copy of the Motion to Enter a Plea of Guilty in front of you?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have your [sic] read it?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Have you discussed it with your attorney?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And did you sign it?
>
> THE DEFENDANT: Yes.

THE COURT: When did you sign it?

THE DEFENDANT: Today.

THE COURT: According to the agreement, you're pleading guilty to Criminal Confinement, a Level 6 Felony. In exchange for your plea of guilty, the State and you have agreed to a fully executed sentence of two (2) years. All other terms of your sentence shall be left to the Court's discretion. Is that what you understand the agreement to be?

THE DEFENDANT: Yes.

Tr. pp. 4-5.

[6] The trial court then asked Weinley if he "underst[ood] the Court is not bound by this agreement yet?" *Id.* at 5. He answered, "Yes." *Id.* The trial court continued its questioning as follows:

THE COURT: Do you understand that the Court will order a Pre-Sentence Investigation Report or a Criminal History Check and only after receiving and reviewing that report, will the Court decide whether to accept the plea agreement you and the State are offering today?

THE DEFENDANT: Yes.

THE COURT: Do you understand that if the Court decides to not accept the agreement, you'll be allowed to withdraw the plea of guilty you're offering today and to reinstate your original plea of not guilty?

> THE DEFENDANT: Yes.
>
> THE COURT: Do you understand that if the Court accepts [the] agreement, the Court will be bound to sentence you as the agreement provides?
>
> THE DEFENDANT: Yes.

*Id.* When the trial court asked Weinley if he had "see[n] the video[taped advisement of rights] at least once in its entirety[,]" Weinley answered, "Yes." *Id.*

[7] The trial court then questioned Weinley as follows regarding the rights he would waive by pleading guilty and, again, whether he had read the factual basis for his plea:

> THE COURT: Do you understand the rights you're giving up by pleading guilty?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Referring specifically to Paragraph 17 of the Motion to Enter a Plea of Guilty, do you understand that you're waving [sic] you're right to appeal your sentence in this case?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Are you currently on probation or parole for any offense?
>
> THE DEFENDANT: No.

> THE COURT:  How do you plead to Criminal Confinement, a Level 6 Felony?
>
> THE DEFENDANT:  Guilty.
>
> THE COURT:  Referring specifically to Paragraph 15 of the Motion to Enter a Plea of Guilty, that contains the factual basis for your plea of guilty, have you read that paragraph?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Is that a true and accurate statement of the facts?
>
> THE DEFENDANT:  Yes.

*Id.* at 5-6.

[8]     As to whether Weinley was satisfied with his representation in the matter, the following colloquy took place:

> THE COURT:  Has your attorney done everything that you've asked her to do?
>
> THE DEFENDANT:  Say that again.
>
> [DEFENSE COUNSEL]:  He didn't hear you, Judge.
>
> THE COURT:  Oh.  Has your attorney done everything that you've asked her to do?
>
> THE DEFENDANT:  Yes.

*Id.* at 6. The court then asked defense counsel if she saw "any reason to take this [matter] to trial?" Defense counsel answered, "No, Your Honor." *Id.* The court then took the matter under advisement.

[9] Weinley's sentencing hearing was held on December 18, 2018, during which Weinley made an oral motion to withdraw his guilty plea. The court instructed Weinley to file a written motion to withdraw the plea and continued the sentencing hearing to January 8, 2019. On January 8, Weinley, by counsel, filed a written verified motion to withdraw his guilty plea, requesting that his guilty plea be withdrawn because he "did not have sufficient time to confer with counsel." Appellant's App. Vol. 2, p. 32.

[10] On January 22, 2019, the trial court held a hearing on the motion to withdraw the guilty plea. At the hearing, the trial court denied Weinley's motion and then accepted the plea agreement and sentenced Weinley to two years executed in the Department of Correction. Weinley now appeals.[2]

## Analysis

[11] Weinley argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. Motions to withdraw guilty pleas are governed by Indiana Code section 35-35-1-4(b) (1983). After a defendant pleads guilty, but before a sentence is imposed, a defendant may file a motion

---

[2] Weinley requested and was granted permission to file a belated notice of appeal.

to withdraw a plea. *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (citing Ind. Code § 35-35-1-4(b)). The statute continues:

> The motion shall state facts in support of the relief demanded, and the state may file counter-affidavits in opposition to the motion. The ruling of the court on the motion shall be reviewable on appeal only for an abuse of discretion. However, the court shall allow the defendant to withdraw his plea of guilty . . . whenever the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice.

Ind. Code § 35-35-1-4(b). Conversely, the court must deny the motion if withdrawal of the plea would "substantially prejudice[ ]" the State. *Brightman*, 758 N.E.2d at 44 (quoting Ind. Code § 35-35-1-4(b)).

[12] As a general rule, the withdrawal of a guilty plea before sentencing "should be freely allowed whenever it appears fair or just and motions made within a few days of the initial pleading should be favorably considered." *Fletcher v. State*, 649 N.E.2d 1022,1023 (Ind. 1995) (quoting *Centers v. State*, 501 N.E.2d 415, 419 (Ind. 1986)). However, the statute contains no express requirement for a hearing. A defendant seeking to withdraw his plea "has the burden of establishing his grounds for relief by a preponderance of the evidence." Ind. Code § 35-35-1-4(e). "A trial court's ruling on a motion to withdraw a guilty plea 'arrives in this [c]ourt with a presumption in favor of the ruling.'" *Brightman*, 758 N.E.2d at 44 (quoting *Coomer v. State*, 652 N.E.2d 60, 62 (Ind. 1995)).

[13] In his motion to withdraw his guilty plea, Weinley did not allege that he entered his plea or waived his rights unknowingly or involuntarily, and he did not allege that he was ill-advised by counsel when he entered into the plea agreement and waived his rights. Rather, the only basis for his motion was his allegation that he did not have sufficient time to confer with counsel before agreeing to plead guilty. Here, on appeal, he specifically maintains that the trial court should have provided him the opportunity to present evidence at the January 22 hearing to support his allegation. Weinley concedes that the trial court was not required to hold a hearing on his motion.[3] He contends, however, that because the trial court set the matter for hearing, "he was entitled to expect to be able to present some evidence or testimony at said hearing." Appellant's Br. p. 10.

[14] We note that Weinley's motion to withdraw his guilty plea did not provide any "facts in support of the relief [he] demanded," as required by statute, and therefore, did not present any facts showing that withdrawal of the plea was necessary to correct a manifest injustice. *See* Ind. Code § 35-35-1-4(b). Nevertheless (and in its discretion), the trial court set the matter for a hearing.

---

[3] *See Fletcher*, 649 N.E.2d at 1023 (holding there "was no error in failing to conduct a hearing" on defendant's motion to withdraw guilty plea because "[Indiana Code section 35-35-1-4(b)] contemplates a summary proceeding" and "[c]onvening a hearing is merely a discretionary option of the trial court.").

At the hearing, Weinley testified as follows to his belief that neither he nor the trial court was bound by the plea agreement, and that his guilty plea could be withdrawn at his request.

> THE DEFENDANT: Then I don't have the right to withdraw my guilty plea?
>
> THE COURT: No. Um.
>
> THE DEFENDANT: Well, that's what you said, I wasn't bound by the Court and nor are you.
>
> THE COURT: I said what?
>
> THE DEFENDANT: You guys said that, um, you're not bound the Court [sic], that I can withdraw my guilt – guilty plea.

Tr. p. 10. The trial court then addressed Weinley's mistaken belief.

First, the trial court informed Weinley that it had reviewed the testimony from his November 27 guilty plea hearing.

> THE COURT: Okay. And— I went back through and listened to the hearing of— I just want to get the date correct, here— November 28th [sic] of 2018. Which is when, um, Mr. Weinley entered his Motion to Enter a Plea of Guilty.

*Id.* The court then clarified that it did not tell Weinley at the guilty plea hearing that he could withdraw his guilty plea. The trial court explained:

> THE COURT: No, I did not say you could withdraw your guilty plea. What I would have told you is that the Court was not bound by your plea agreement, but I went through the hearing when you filed the Motion to Enter a Plea a [sic] Guilty and the dialogue between you and the Court and it was ver— I was very specific in asking you if you understood the rights you were giving up. If, um, —we went through the factual basis on that. We went through, um, an admission on the counts and you— I asked you, also, if your attorney had done everything you – you asked her to do and you said 'yes'. Um, there was nothing in the admission of the plea that was contrary to that. Um, therefore, I am not going to allow you to withdraw the plea of guilty.

*Id.*

[17] Based on the foregoing, we find that, contrary to his assertion, Weinley was afforded an opportunity at his hearing on his motion to withdraw his guilty plea to present argument as to why his motion should be granted. After considering his argument, and reviewing the questioning that took place at Weinley's guilty plea hearing, the trial court determined that Weinley's motion to withdraw his guilty plea should be denied, and it was well within its discretion to do so. No abuse of discretion occurred here.

## Conclusion

[18] The trial court did not abuse its discretion when it denied Weinley's motion to withdraw his guilty plea. We affirm.

[19] Affirmed.

May, J., and Crone, J., concur.