**Nicole B. SELKE, Appellant (Respondent),**

**v.**

**Donald L. SELKE, Appellee (Petitioner).**

**No. 01S04–9210–CV–767.**

Supreme Court of Indiana.

Oct. 6, 1992.

Donald K. McClellan, McClellan, McClellan, Brook & Arnold, Muncie, for appellant.

Robert G. Forbes, Forcum and Forbes, Hartford City, for appellee.

DICKSON, Justice.

In this marriage dissolution case, the trial court denied Nicole B. Selke's post-dissolution petition alleging fraud as grounds to set aside a property settlement agreement. The Court of Appeals reversed, holding that Donald L. Selke's failure to fully disclose property value information, even absent any requests for the information or

duty imposed by agreement, amounted to constructive fraud. *Selke v. Selke* (1991), Ind.App., 569 N.E.2d 724. We grant transfer.

The marriage of the parties was dissolved in April, 1989, pursuant to a decree which approved and incorporated a written separation agreement. The separation agreement included a provision distributing to Donald "all pension rights through his employment."

Six months later, Nicole initiated the present proceeding by filing a petition to set aside property settlement agreement, alleging that Donald fraudulently failed to inform Nicole of the value of a profit sharing plan at his employment. Donald responded by filing a motion for summary dismissal of Nicole's claim and a motion for attorney's fees. Following an evidentiary hearing, the trial court found that Nicole failed to prove fraud, denied Nicole's petition, and ordered her to pay the fees incurred by Donald in defending against the petition.

Nicole appealed, asserting trial court error in two respects: 1) failing to find fraud in Donald's non-disclosure of the value of the profit sharing plan; and 2) ordering Nicole to pay Donald's attorney fees.

*Duty of Spontaneous Disclosure*

 Nicole contends that the trial court erred in finding no constructive fraud from Donald's failure to disclose the value of the profit sharing plan with his employer. It is undisputed that she knew that he had pension rights, that he did not provide information regarding the nature or valuation of the rights, that she never requested disclosure of such information, and that the property settlement agreement contained no provision imposing a duty to disclose.

Nicole asserts that a duty of spontaneous full disclosure of assets is implicit under the Indiana marriage dissolution statutes. In support of this claim she cites Ind.Code § 31–1–11.5–11(b), which directs the court to divide the property of the parties "in a just and reasonable manner," and Ind.Code § 31–1–11.5–11(c), which provides in part:

The Court shall presume an equal division of the marital property between the parties is just and reasonable.

Without full disclosure of the nature and value of marital assets, she argues, a court cannot fulfill its statutory obligation to make the required just and reasonable property division.

Donald contends that, absent a request for information from Nicole, or a disclosure obligation imposed by the settlement agreement, he had no duty to provide the valuation information.

In *Atkins v. Atkins* (1989), Ind.App., 534 N.E.2d 760, the Court of Appeals set aside a property settlement agreement finding that the husband's failure to disclose information affecting the value of stock perpetrated a constructive fraud. Both Nicole and Donald claim that *Atkins* is favorable to their position. Nicole points to the following passage:

The cases make clear, however, that a trial court has discretion to determine whether or not to accept an agreement in the first instance.... [T]he court should nevertheless do so unless it determines that the agreement was the product of some unfairness, unreasonableness or manifest inequity in its terms or that it was procured through fraud, misrepresentation, coercion, duress or lack of full disclosure.

*Atkins*, 534 N.E.2d at 762. As noted by Donald, however, the court went on to base its decision upon the breach of the duty to disclose imposed by the settlement agreement itself, not upon any implied duty of spontaneous disclosure.

The agreement required that each party make full and complete disclosure of all pertinent financial and other information.... Such provisions ... require the disclosure by one party to the other of all matters which in good conscience ought to be disclosed. Moreover, the failure to disclose when such a duty exists constitutes constructive fraud....

*Id.* at 763.

While a duty to disclose asset value information may arise from unique factual circumstances including the express terms of a property settlement agreement, or

from a request for discovery under the Indiana Trial Rules, such a duty of spontaneous disclosure is not imposed as a matter of law by Ind.Code §§ 31–1–11.5–11(b) and –11(c) of the Indiana Dissolution of Marriage Act. Clearly there is no express statutory duty of mandatory disclosure. Nor can such a duty reasonably be inferred from the Act. We observe that even with respect to antenuptial agreements, presumably entered into when the parties' relationship is likely to be one of trust and reliance, in contrast to the potential and actual adversity which accompanies marriage dissolutions, there is no absolute and mandatory duty imposed upon the parties to disclose information regarding possessions. *Matter of Estate of Palamara* (1987), Ind. App., 513 N.E.2d 1223 (no duty to disclose value); *Johnston v. Johnston* (1962), 134 Ind.App. 351, 184 N.E.2d 651 (no duty to disclose nature, extent, and value).[1]

Donald was under no duty to disclose the value of the plan. The trial court did not abuse its discretion in denying Nicole's petition to set aside the parties' settlement agreement.

### Attorney's Fees

Nicole argues that the trial court abused its discretion in ordering her to pay the fees incurred by Donald in defending against her petition. The relevant statute provides that

> [t]he court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his own name.

Ind.Code § 31–1–11.5–16(a).

■ Trial courts enjoy broad discretion in awarding allowances for attorney's fees. *Taylor v. Taylor* (1982), Ind., 436 N.E.2d 56, 60. Reversal is proper only where the trial court's award is clearly against the logic and effect of the facts and circumstances before the court. *In re Marriage of Gray* (1981), Ind.App., 422 N.E.2d 696, 703, citing *Johnson v. Johnson* (1979), 180 Ind.App. 533, 389 N.E.2d 719, 722. In assessing attorney's fees, the court may consider such factors as the amount of assets awarded to the parties, the relative earning ability of the parties, and which party initiated the action. *Riddle v. Riddle* (1991), Ind.App., 566 N.E.2d 78, 83.

■ Nicole argues that at the time of the dissolution, she was earning only $11,000 per year, and that Donald, a degreed engineer, was earning $50,000 annually. However, additional facts were presented to the trial court: Donald was unemployed at the time of the hearing on Nicole's Petition; the property settlement decree awarded Nicole various assets including $40,000 payable at $8000 per year; and Donald had the responsibility for physical custody of the couple's children without any benefit of child support from Nicole. Under these circumstances, we cannot hold that the decision of the trial court is clearly against the evidence. The trial court did not abuse its discretion in awarding attorney's fees to Donald.

Transfer is granted. The decision of the Court of Appeals is vacated and the trial court is affirmed in all respects.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents without opinion.

1. Recognizing an implied duty of spontaneous disclosure to an adverse party in a dissolution case would also present substantial questions regarding an attorney's professional obligations to act with zeal and diligence on behalf of the client's interests, to maintain confidentiality of information, and to assure loyalty and avoid conflict of interest. Ind. Professional Conduct Rules 1.3, 1.6, 1.7, 1.8.