**In the Matter of Clifford G. ANTCLIFF.**

**No. 41S00–9410–DI–967.**

Supreme Court of Indiana.

March 24, 1998.

Clifford G. Antcliff, pro se.

Donald R. Lundberg, Executive Secretary, Indianapolis, for the Indiana Supreme Court Disciplinary Commission.

### DISCIPLINARY ACTION

PER CURIAM.

The respondent, an attorney admitted to the Bar of this state in 1958, has been criminally convicted of stealing funds belonging to his clients. For that misconduct, we conclude that he should be disbarred.

On October 17, 1994, the Disciplinary Commission filed a *Verified Complaint for Disciplinary Action* against the respondent, alleging multiple violations of the *Rules of Professional Conduct for Attorneys at Law* arising from the respondent's criminal convictions. This Court suspended him *pendente lite* on January 4, 1995. Pursuant to Ind.Admission and Discipline Rule 23(11), this Court appointed a hearing officer who, in lieu of hearing, accepted the respondent's

**526**

*Admission of Misconduct and Waiver of Hearing.*

The respondent's admission to the bar of this state confers with this Court disciplinary jurisdiction in this case. On August 23, 1995, the respondent was charged in Marion Superior Court with five counts of forgery, each a class C felony, and three counts of theft, each a class D felony. He later pleaded guilty to one count of theft and two counts of forgery. Specifically, the respondent had exerted unauthorized control over two checks belonging to a client; forged a document purported to have been made under the authority of another client; and forged a check purported to have been made under the authority of still another client.

On March 7, 1996, the respondent was sentenced to two three-year terms of imprisonment and one eight-year term, each to run concurrently.

On June 2, 1995, the respondent was charged in Johnson Circuit Court with 17 counts of theft, each a class D felony, and one count of racketeering and corrupt business influence, a class C felony. The respondent pleaded guilty to four counts of theft and to the racketeering charge. Specifically, the respondent admitted to exerting unauthorized control over approximately $93,000 belonging to various clients. He also admitted that he violated Indiana's criminal racketeering law by committing two or more acts of theft from clients using the same or similar intent, result, victim, or method of commission, and used the proceeds from those activities to operate his law practice. On April 15, 1996, the respondent was sentenced to eight years imprisonment for the racketeering convictions, two years for one of the theft convictions, and three years for the other theft convictions. His sentences were ordered to run concurrently with the Marion County sentences. He was also ordered to pay $40,052.26 in restitution to his victims.

By the aforesaid criminal acts, the respondent violated Ind.Professional Conduct Rule 8.4(b) by committing criminal acts which reflect adversely on his honesty, trustworthiness, and fitness as a lawyer in other respects.

We can imagine few acts more deserving of disbarment than those committed by the respondent. Over a period of time, he systematically deprived his clients of large sums of money for his own benefit. His law license provided him with easy access to his clients' money, and he used it as a tool to further his ongoing criminal enterprise. He victimized those who placed their trust in him as their attorney. Although sworn to uphold clients' interests at his own peril, the respondent preyed on that trust for his own illegal gain. After being convicted for those acts, he offered absolutely no statement of remorse. For these reasons, the strongest possible sanction is warranted.

It is, therefore ordered that the respondent, Clifford G. Antcliff, be disbarred. The Clerk of this Court is directed to strike his name from the Roll of Attorneys.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the Federal District Courts in this state, and the clerk of the United States Bankruptcy Court in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against respondent.