**In the Matter of James N. SCAHILL.**

**No. 49S00–0103–DI–172.**

Supreme Court of Indiana.

May 20, 2002.

---

James N. Scahill, pro se, for the Respondent.

Donald R. Lundberg, Executive Secretary, Seth T. Pruden, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

James N. Scahill's client cashed an $80,500 IRA while the client's divorce was pending and claimed he lost the proceeds in a restaurant. Scahill, who practices in Indianapolis, did not inform the dissolution court or the adverse party of the loss of the IRA even after the trial court awarded a portion of the non-existent IRA to the client's wife. We conclude that the respondent engaged in professional misconduct and reprimand him for his actions.

This attorney disciplinary case is now before us for final determination upon the hearing officer's findings of fact and conclusions of law. The hearing officer determined that the Commission failed to demonstrate that the respondent violated Ind. Professional Conduct Rules 3.3(a)(2) and (4), as charged by the Commission in its verified complaint for disciplinary action. Those rules provide in relevant part:

(a) A lawyer shall not knowingly:

. . .

(2) fail to disclose a material fact to a tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act against a tribunal by the client;

. . .

(4) offer evidence that the lawyer knows to be false. If a lawyer has offered material evidence and comes to know of its falsity, the lawyer shall take reasonable remedial measures.

Pursuant to Ind. Admission and Discipline Rule 23(15), the Commission has petitioned this Court for review of the hearing officer's report, arguing that a finding of misconduct is proper in this case. Our jurisdiction in this case arises from the respondent's admission to the bar of this state in 1984.

We find that the respondent represented a client in a dissolution action. The client's Financial Declaration filed with the court on September 5, 1995, showed the client owned an individual retirement account (IRA) containing $72,500. By March 30, 1996, the IRA had grown to $80,500. On that date, the client withdrew the IRA in cash without the knowledge of his wife or the respondent. A few days later, the client told the respondent that he had cashed in the IRA but lost the proceeds at an Indianapolis restaurant.

The trial court conducted the final hearing in the dissolution matter on May 21, 1996, at which the division of the marital estate was contested. Both the respondent and opposing counsel presented evidence that the marital estate included the IRA, which both parties valued at $72,500. Neither the respondent nor his client informed the court or the opposing side that the IRA no longer existed.

Unaware of the loss of the IRA, the trial court entered a decree on June 21, 1996, awarding to the client's ex-wife a percentage of the sale of the marital residence and $40,920 of the IRA. The respondent filed a Motion to Correct Errors on July 19, 1996, in which he argued that the trial court had failed to consider his client's pre-marriage contribution to the IRA. The motion did not reveal the client's dissipation of the IRA.

The trial court issued an amended decree on October 29, 1996. That decree reduced the ex-wife's share of the IRA to $20,866.80 and ordered payment to her from the account within 60 days. The respondent still did not inform the court that the IRA no longer existed.

The client failed to pay his ex-wife the $20,866.80 as ordered and sought to discharge his obligations by filing a bankruptcy petition. The dissolution court later conducted a hearing at which the client said he had emptied the IRA, traveled to a fast food restaurant with the $80,500 from the account, fell asleep in the men's restroom, and awoke without the money.

In finding no misconduct, the hearing officer noted that the Financial Declaration, pursuant to the instructions on that form, listed the IRA at its value as of the date the petition for dissolution of marriage was filed. Therefore, the hearing officer concluded that the Financial Declaration did not contain false evidence. The hearing officer further determined that the respondent had no duty to disclose the client's dissipation of the IRA to the court or to the other side; therefore, no criminal or fraudulent concealment occurred. The Commission argues that the failure to disclose the dissipation amounted to a fraud on the court.

■ The elements of constructive fraud are: (i) a duty owing by the party accused of the misconduct to the complaining party due to their relationship; (ii) violation of that duty by the making of deceptive material misrepresentations of past or existing facts or by remaining silent when a duty to speak exists; (iii) reliance thereon by the complaining party; (iv) injury to the complaining party as a proximate result thereof; and (v) the gaining of an advantage by the party accused of the misconduct at the expense of the complaining party. *Rice v. Strunk*, 670 N.E.2d 1280 (Ind.1996).

The respondent contends he owed no duty to reveal the IRA and, thus, constructive fraud has not been proved. He relies on *Selke v. Selke*, 600 N.E.2d 100 (Ind. 1992), in which we addressed the client's duty to disclose the value of an asset where the other party knew of its existence but did not inquire as to its value before entry into a final settlement agreement:

While a duty to disclose asset value information may arise from unique factual circumstances including the express terms of a property settlement agreement, or from a request for discovery under the Indiana Trial Rules, such a duty of spontaneous disclosure is not imposed as a matter of law by Ind.Code 31–1–1.5–11(b)—11(c) of the Indiana Dissolution of Marriage Act. Clearly there is no express statutory duty of mandatory disclosure. Nor can such a duty reasonably be inferred from the Act.

600 N.E.2d at 101–102.

■ Contrary to the client's claims, *Selke* supports a finding of a duty to disclose here, inasmuch as it recognizes that such a duty may arise from the circumstances or discovery rules. Here, a duty to disclose arose from both.

By local rule, the Financial Declaration required by the trial court constituted "mandatory discovery" which required supplementation under Ind. Trial Rule 26(E)(2) and (3). Marion County Family Law Rule 6(E) (1996), now Rule 4(E). Trial Rule 26(E)(2)(b) requires a party to supplement a response when information that was correct when made is no longer true and the "circumstances are such that a failure to amend the response is in substance a knowing concealment."

■ The client's failure to amend the Financial Declaration amounted to a knowing concealment under the circumstances. The Financial Declaration listed the IRA as an asset with a value of $72,500 at the time the petition for dissolution was filed. The net marital estate was valued at $154,434, and the IRA was the most valuable asset within it. When the client cashed in the IRA and "lost" the proceeds, the IRA ceased to exist and no longer was a tangible asset which could be divided by the dissolution court. The trial court could not fulfill its duty of dividing all marital property in a just and reasonable manner as required then by Ind.Code 31–1–11.5–11 (now Ind.Code 31–15–7–4) if it was unaware of the loss of a marital asset comprising nearly half of the net marital estate. The client knew or should have known that the loss of the most valuable marital asset would impact the manner in which the trial court accomplished the division of the marital estate. Thus, we find that T.R. 26(E)(2)(b) imposed on the client a duty to update the Financial Declaration to reflect his client's dissipation of the IRA.

■ The respondent violated his professional duty by remaining silent regarding his client's actions and by introducing evidence that the respondent knew misrepresented the current facts. The trial court's original and amended decrees, as well as the evidence submitted by the respondent's wife at the final hearing, reflect that the trial court and the client's wife relied on the representation that the IRA was an existing marital asset. Both the court and the wife were damaged by this reliance; the trial court was misled into entering an award which could not be enforced, and the client's ex-wife did not receive her share of the IRA as ordered. The respondent's actions benefited his client, who escaped at least temporarily the obvious financial consequences of his conduct. Given our finding of constructive fraud by the client, we conclude that the respondent violated Prof.Cond.R. 3.3(a)(2) by failing to disclose a material fact to a tribunal when disclosure was necessary to avoid assisting a fraudulent act against a tribunal by the client.

■ We also find that the respondent, through his failure to update the Financial Declaration and his submission of evidence at the final hearing indicating the exis-

tence of the IRA, presented false evidence in violation of Prof.Cond.R. 3.3(a)(4). The Financial Declaration listed the IRA as a marital asset, and the respondent submitted evidence at the final hearing that the IRA was a marital asset. Even after the trial court awarded the wife a substantial sum from the IRA account, the respondent did not disclose that the IRA no longer existed. Instead, he advocated in his motion to correct errors a change in the decree reducing, but not eliminating, the wife's share of the IRA. The respondent's continued submission of an incorrect Financial Declaration and his presentation of evidence at the final hearing and in his motion to correct errors as to the IRA's existence constituted presentation of false evidence in violation of Prof.Cond.R. 3.3(a)(4).

We recognize the tension between the duty to keep a client confidence under Prof.Cond.R. 1.6 and the obligations under Prof.Cond.R. 3.3(a)(2) and 3.3(a)(4). There are circumstances where resignation is the appropriate step. *See, e.g., Comment* to Prof.Cond.R. 1.6 (withdrawal mandatory under rule where lawyer's services will be used by the client in materially furthering course of criminal or fraudulent conduct). However, proceeding to facilitate a client's misleading of the court is not an acceptable option.

Having found misconduct, we must now assess an appropriate discipline for it. In making this assessment, we note the respondent believed he would be violating his duties to his client if he disclosed the client's dissipation of the IRA. However, the respondent's actions complicated the dissolution matter, prompted the entry of two decrees incapable of execution, and ensured the client's ex-wife would not receive her fair share of the marital estate immediately, if at all. Given these competing considerations, and the respondent's

lack of any prior disciplinary action, we find that an admonishment adequately addresses the respondent's misconduct. *See, e.g., Matter of Thonert,* 733 N.E.2d 932 (Ind.2000) (public reprimand for failure to disclose to appellate tribunal and client controlling adverse authority known to him); *Matter of Anonymous,* case number 49S00–9003–DI–197 (Ind.1992) (private reprimand for failing to disclose death of client in claim for damages from the Indiana Patient's Compensation Fund).

Accordingly, the respondent, James N. Scahill, is hereby reprimanded and admonished for his misconduct.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Cost of this proceeding are assessed against the respondent.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.

SHEPARD, C.J., concurs in the finding of misconduct, but believes the misconduct warrants a short period of suspension.