**In the Matter of Paul J. PAGE.**

**No. 49S00–0110–DI–443.**

Supreme Court of Indiana.

Aug. 30, 2002.

Ronald E. Elberger, Indianapolis, IN, for the Respondent.

Donald R. Lundberg, Executive Secretary, Dennis K. McKinney, Staff Attorney, Indianapolis, IN, for the Indiana Supreme Court Disciplinary Commission.

## DISCIPLINARY ACTION

PER CURIAM.

The respondent here, Paul J. Page, failed to take action while, in open court with his client, the client testified that he had not driven a car in nine years when in fact the client had, a statement the respondent had reason to believe was untruthful.

We find the respondent violated Ind.Professional Conduct Rule 3.3(a)(2).

The respondent and the Disciplinary Commission have submitted for our approval a *Statement of Circumstances and Conditional Agreement for Discipline* in which the respondent admits to his misconduct and agrees to be publicly reprimanded for it. The opinion that follows includes a summary of the facts underlying the parties' proffered resolution.

The respondent was admitted to practice law in this state of Indiana on October 15, 1990, and practices in Indianapolis. On March 6, 1991, the Indiana Bureau of Motor Vehicles determined that an individual (hereinafter "the client") was an habitual traffic violator, and his license was suspended for ten years. On March 10, 1999, the client was driving a motor vehicle in Shelbyville, Indiana when he was stopped for making an illegal u-turn. On March 11, 1999, authorities charged the client with driving a motor vehicle while his license was suspended, pursuant to IC 9–30–10–16, in a criminal case docketed in the Shelby Superior Court 2. On October 4, 1999, the respondent entered his appearance as the client's attorney. The respondent never asked the client whether he had been driving a motor vehicle on March 10, 1999, and, in discussing his available defenses with the respondent, the client did not claim that he had not been driving that day. The respondent considered information as to whether the client was driving irrelevant as a matter of law because the respondent's defense was based solely on the fact that the then-available certified BMV records failed to show that a notice of suspension was sent to the client at his proper address, as required by law.

On October 28, 1999, the respondent prepared and filed a verified petition for probationary license for the client in Mar-

ion Circuit Court in a separate case in which the respondent contended, *inter alia*, that, "The Bureau of Motor Vehicles records reflect Petitioner's license is suspended from March 6, 1991, through March 16, 2001, pursuant to Ind.Code 9–12–1–4(c)," and that "Petitioner has had his driving privileges suspended under this chapter for at least five (5) years." The statements were true at the time the petition was filed. The petition also stated that the client "has not violated the terms of his suspension by operating a vehicle[.]"

At a November 15, 1999 hearing on the petition, the presiding commissioner asked the client, "Have you driven an automobile in the last nine years, sir?" The client, under oath, answered "No." The respondent attended the hearing as the client's counsel and was present in the courtroom during the exchange. Although the client's answer to the commissioner's question was untrue and the respondent had reason to believe the client's answer was untrue, the respondent did not take any steps to convince the client to disclose the untruthfulness of the answer, and continued to represent the client. In the criminal case, on January 21, 2000, the client, through the respondent, stipulated that he was driving a motor vehicle on March 10, 1999. On July 24, 2000, the judge in the criminal case found the client not guilty because the prosecution failed to prove that the BMV sent its notice of suspension to the client at his proper address.

Professional Conduct Rule 3.3(a)(2) provides that a lawyer shall not fail to disclose a material fact to a tribunal where disclosure is necessary to avoid assisting a criminal or fraudulent act against a tribunal by a client. We find that the respondent violated that rule by remaining silent and taking no action before the Marion Circuit Court when he knew of credible evidence that his client had driven an automobile within nine years of the hearing. We recognize the tension between the duty to keep a client confidence under Prof. Cond.R. 1.6 and the obligation to disclose under Prof.Cond.R. 3.3(a)(2). *Matter of Scahill*, 767 N.E.2d 976, 981 (Ind.2002). In some circumstances (such as where the lawyer's services will be used by the client in materially furthering a course of criminal or fraudulent conduct),[1] resignation is the appropriate step. *Id.* However, doing nothing, as the respondent did here, is not an acceptable option.[2]

Having found misconduct, we now turn to the issue of appropriate sanction for it. In this regard, the parties have stipulated to several factors in mitigation of the respondent's misconduct: he has not been sanctioned by this Court for a violation of the *Rules of Professional Conduct* prior to the present misconduct; he made full and complete disclosure of the facts underlying this disciplinary matter and maintained a cooperative attitude toward the disciplinary process; he enjoys a reputation for integrity and truthfulness in the community and among his peers in the bar; and with the exception of this act of misconduct, the respondent has otherwise conducted himself in a professional manner as a member of the Bar.

Similar violations of Prof.Cond.R. 3.3(a) have resulted in public reprimand. *Matter of Scahill, supra* (public reprimand for violation of Prof.Cond.R. 3.3(a)(2) and (4)

---

**1.** *Comment* to Prof.Cond.R. 1.6.

**2.** *See Comment* to Prof.Cond.R. 3.3: "If perjured or false evidence had been offered, the advocate's proper course ordinarily is to remonstrate with the client confidentially. If that fails, the advocate should withdraw if that will remedy the situation. If withdrawal will not remedy the situation or is impossible, the advocate should make the disclosure to the court."

where client had dissipated main marital asset, a fact not later corrected in dissolution pleadings); *Matter of Thonert,* 733 N.E.2d 932 (Ind.2000) (public reprimand for failure to disclose to appellate court adverse controlling authority known to the lawyer). Pursuant to their agreed resolution, the Commission and the respondent ask us to approve a public reprimand in this case. In light of the agreement, the mitigating factors, and precedent, we find that the sanction should be approved.

Accordingly, the respondent, Paul J. Page, is hereby reprimanded and admonished for the misconduct set forth herein.

The Clerk of this Court is directed to provide notice of this order in accordance with Admis.Disc.R. 23(3)(d) and to the hearing officer, and to provide the clerk of the United States Court of Appeals for the Seventh Circuit, the clerk of each of the United States District Courts in this state, and the clerks of the United States Bankruptcy Courts in this state with the last known address of respondent as reflected in the records of the Clerk.

Costs of this proceeding are assessed against the respondent.