**In the Matter of Paul J. PAGE, Respondent.**

**No. 49S00–1403–DI–189.**

Supreme Court of Indiana.

May 12, 2014.

*PUBLISHED ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** Respondent was convicted on a guilty plea to the following felony under federal law: Aiding and Abetting Fraud by Wire, Radio, or Televi-

sion. The basis of the crime was that Respondent failed to disclose on a bank loan application the names of other persons who were the source of the down payment for the loan. Respondent was sentenced to two years of probation and a $10,000 fine. The Court entered an order of interim suspension on January 27, 2014, effective that date. *See Matter of Page*, 2 N.E.3d 679 (Ind.2014) (Massa, J., not participating).

The parties cite Respondent's prior public reprimand as a fact in aggravation. *See Matter of Page*, 774 N.E.2d 49 (Ind.2002). The parties cite the following facts in mitigation: (1) Respondent cooperated fully with the Commission's investigation, including self-reporting both his indictment and conviction; and (2) Respondent is remorseful. The parties cite the following facts as being neither in aggravation nor mitigation: (1) Respondent fully cooperated with the United States Department of Justice and testified against the co-defendants; (2) the co-defendants were acquitted; (3) there was no loss or injury suffered by anyone as a result of the crime; and (4) Respondent did not violate a position of trust.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

8.4(b): Committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer.

8.4(c): Engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

**Discipline:** The parties propose the appropriate discipline is a two-year suspension without automatic reinstatement. They further propose that if Respondent's two-year probation in the criminal case is

reduced by an order of the trial court, Respondent reserves the right to petition for modification of his suspension from practice. The Court, having considered the submissions of the parties, now approves the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law in this state for a period of not less than two years without automatic reinstatement, beginning the date of this order.** Respondent shall fulfill all the continuing duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(4) and (18). Reinstatement is discretionary and requires clear and convincing evidence of the attorney's remorse, rehabilitation, and fitness to practice law. *See* Admis. Disc. R. 23(4)(b). If Respondent's two-year probation in the criminal case is reduced by an order of the trial court, Respondent may petition for modification of his suspension from practice.

The costs of this proceeding are assessed against Respondent.

The Clerk is directed to forward a copy of this Order to the parties or their respective attorneys and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d). The Clerk is further directed to post this order to the Court's website, and Thomson Reuters is directed to publish a copy of this order in the bound volumes of this Court's decisions.

All Justices concur, except DICKSON, C.J., who dissents, believing that Respondent's felony conviction disqualifies him from the practice of law in this state and that he should be disbarred, and MASSA, J., who did not participate.