## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 08 2015, 9:17 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT *PRO SE*[1]

Christopher Rehtorik
Hobart, Indiana

ATTORNEY FOR APPELLEE

Colby A. Barkes
Blachly, Tabor, Bozik & Hartman LLC
Valparaiso, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher Rehtorik, <br> *Appellant-Petitioner,* <br><br> v. <br><br> Jamie Rehtorik, <br> *Appellee-Respondent* | July 8, 2015 <br><br> Court of Appeals Case No. 64A03-1411-DR-402 <br><br> Appeal from the Porter Superior Court <br> The Honorable William E. Alexa, Judge <br> The Honorable Katherine R. Forbes, Magistrate <br> Trial Court Cause No. 64D02-0710-DR-10033 |

**Bradford, Judge.**

---

[1] Attorneys Steven M. Bush and Christopher W. Kimbrough of Millbranth and Bush prepared and submitted Appellant's Brief and Reply Brief in the instant matter. They have subsequently requested permission to withdraw their appearances as Appellant's counsel with no objection from Appellant. Their withdrawal as counsel of record has been granted in an order handed down on the same day as this memorandum decision.

# Case Summary

[1] Appellant-Petitioner Christopher Rehtorik ("Father") and Appellee-Respondent Jamie Rehtorik ("Mother") are the parents of two minor children, Al.R. and Ad.R. In February of 2010, Mother and Father divorced and entered into a property settlement agreement. This property settlement agreement set Father's child support obligation and, among other things, indicated that Father could claim the parties' son, Al.R., as a dependent on his federal and state income tax returns if Father was current on his child support obligation at year's end. Father was not current on his child support obligation at the end of 2012. As a result, Mother, not Father, claimed Al.R. as a dependent on her 2012 federal and state income tax returns.

[2] Father subsequently alleged before the trial court that Mother's act of claiming Al.R. as a dependent on her 2012 federal and state income tax returns constituted an act of contempt. The trial court determined that Mother's act of claiming Al.R. as a dependent on her 2012 federal and state income tax returns did not amount to an act of contempt because Father was not current on his child support obligation at the end of 2012.

[3] On appeal, Father contends that the trial court erred in (1) allowing Mother to claim Al.R. as a dependent on her 2012 federal and state income tax returns and (2) denying Father's motion for rule to show cause relating to his allegation that Mother was in contempt of the parties' settlement agreement. Father also contends that the trial court abused its discretion in ordering him to pay

$6000.00 of Mother's attorney's fees. For her part, Mother contends that the trial court's determinations relating to the 2012 tax exemptions and her request for attorney's fees should be affirmed. Mother also requests that this court order Father to pay her appellate attorney's fees. Finding no error or abuse of discretion, we affirm the trial court. However, we deny Mother's request for appellate attorney's fees.

# Facts and Procedural History

[4] Mother and Father are the parents of two minor children, Al.R. and An.R. In early 2010, Mother and Father divorced. On or about February 24, 2010, the parties entered into a property settlement agreement (hereinafter the "parties' agreement"). The parties' agreement, which was approved by the trial court, covered issues relating to division of the parties' estate and issues relating to the support and care of the parties' minor children, Al.R. and Ad.R. With respect to tax exemptions, the parties' agreement states, in relevant part, as follows:

> E. <u>TAX EXEMPTIONS</u>. Mother shall be granted the right to claim the parties' minor child, [Ad.R.] as a tax exemption for purposes of filing federal and state tax returns and Father shall be granted the right to claim the parties' minor child [Al.R.] *if* he is current in child support at years end.

Appellant's App. p. 21 (underlining in original, brackets and italics added).

[5] On August 1, 2011, the parties entered into an agreed order, which stated that, effective retroactively to July 1, 2011, Father's weekly child support obligation would be $329.00 per week. Father filed a petition for modification of his

weekly child support obligation on November 5, 2012. Father was not current with his weekly child support obligation at the end of 2012. Because Father was not current in his child support obligation at the end of 2012, Mother claimed Al.R. as a dependent on her 2012 federal and state income tax returns.

[6] On April 12, 2013, Father filed a verified petition for modification of child support and a verified motion alleging Mother was in contempt of the parties' February 24, 2010 settlement agreement. On June 18, 2013, Father filed a verified petition to modify custody and parenting time and a verified motion for rule to show cause. On August 2, 2013, the parties entered into an agreed order with respect to Father's request to modify his weekly child support obligation.

[7] In addition to numerous filings relating to Father's contempt allegation, Father subsequently filed numerous petitions and motions including a motion for an in-camera interview of Al.R. and a motion for appointment of a Guardian Ad Litem. On November 6, 2013, Father also filed a request for findings of fact and conclusions thereon. Mother's counsel responded to Father's petitions and motions.

[8] Mother filed a request for an award of attorney's fees on April 28, 2014. In this Motion, Mother outlined certain filings made by Father which Mother claimed were redundant and frivolous. Mother attached as an exhibit a letter sent by Mother's counsel to Father's then-counsel notifying Father's then-counsel that Mother would be seeking attorney's fees in light of Father's insistence on litigating issues after it became apparent that the issues were not given to

reasonable dispute. Mother also attached as an exhibit an affidavit setting forth the amount of attorney's fees incurred by Mother as a result of Father's allegedly redundant and frivolous filings.

[9] On October 21, 2014, the trial court issued an order in which it found that because Father was not current on his weekly child support obligation as of the end of 2012, pursuant to the parties' February 24, 2010 settlement order, Mother was entitled to claim Al.R. as a dependent on her 2012 federal and state income tax returns. As a result, the trial court determined that Mother was not in contempt of the parties' February 24, 2010 settlement order. The trial court also ordered Father to pay $6000.00 of Mother's attorney's fees. This appeal follows.

# Discussion and Decision

## I. Issues Relating to 2012 Tax Exemptions

### A. Whether the Trial Court Erred in Allowing Mother to Claim Al.R. as a Dependent For Purposes of Claiming the Relevant Tax Exemptions on Her 2012 Federal and State Tax Returns

[10] Father contends that the trial court erred in determining that Mother was entitled to claim Al.R. as a dependent for 2012. Specifically, Father argues that because he had paid at least 95% percent of his 2012 child support obligation by year's end, he should have been entitled to claim Al.R. as a dependent for that year. For her part, Mother argues that pursuant to the terms of the parties'

agreement, Father must be current with his child support obligation, not merely within 95% of current, in order to claim A1.R. as a dependent for tax purposes. We agree with Mother.

[11]     In support of his contention that the trial court erred in determining that Mother was entitled to claim A1.R. as a dependent for purposes of claiming the relevant tax exemption on her 2012 federal and state tax returns, Father cites to Indiana Code section 31-16-6-1.5, which went into effect on February 22, 2012, and provides, in relevant part, as follows:

> (a)  A court shall specify in a child support order which parent of a child may claim the child as a dependent for purposes of federal and state taxes.
>
> *****
>
> (d)  If a court determines that a parent who is ordered to pay child support may claim the child as a dependent under subsection (a), the court shall include in the order that the parent may only claim the child as a dependent for federal and state tax purposes if the parent has paid at least ninety-five percent (95%) of the parent's child support for the calendar year for which the parent is ordered to claim the child as a dependent by January 31 of the following year.

[12]     In the instant matter, however, the trial court was not called upon to determine which parent was entitled to claim the parties' children for tax exemption purposes because the parties entered into a contractual agreement which address that issue.

> Indiana courts recognize the freedom of parties to enter into contracts and, indeed, presume that contracts represent the freely bargained agreement of the parties. *Weaver v. American Oil Co.* (1971), 257 Ind. 458, 463, 276 N.E.2d 144, 147.  This reflects the principle that it is in

the best interest of the public not to restrict unnecessarily persons' freedom of contract. *Raymundo v. Hammond Clinic Ass'n* (1983), Ind., 449 N.E.2d 276, 279 (quoting *Hodnick v. Fidelity Trust Co.* (1932), 96 Ind. App. 342, 350, 183 N.E. 488, 491); *see also* Ind. Const. art. I, § 24.

*Fresh Cut, Inc. v. Fazli*, 650 N.E.2d 1126, 1129 (Ind. 1995). "Thus, as a general rule, the law allows persons of full age and competent understanding the utmost liberty in contracting; and their contracts, when entered into freely and voluntarily, will be enforced by the courts." *Fed. Kemper Ins. Co. v. Brown*, 674 N.E.2d 1030, 1033 (Ind. Ct. App. 1997) (citing *Pigman v. Ameritech Publ'g Co.*, 641 N.E.2d 1026, 1029 (Ind. Ct. App. 1994)). "Accordingly, Indiana has long adhered to the rule that contracting parties may enter into any agreement they desire so long as it is not illegal or contrary to public policy." *Id.* (citing *Pigman*, 641 N.E.2d at 1030).

[13] Again, on or about February 24, 2010, the parties entered into the parties' agreement. The parties' agreement, which was approved by the trial court, covered issues relating to division of the parties' estate and issues relating to the support and care of the parties' minor children, Al.R. and Ad.R. With respect to tax exemptions, the parties' agreement states, in relevant part, as follows:

> E. <u>TAX EXEMPTIONS</u>. Mother shall be granted the right to claim the parties' minor child, [Ad.R.] as a tax exemption for purposes of filing federal and state tax returns and Father shall be granted the right to claim the parties' minor child [Al.R.] *if* he is current in child support at years end.

Appellant's App. p. 21 (underlining in original, brackets and italics added). Importantly, the parties' agreement does not state that Father may claim Al.R. for income tax purposes if he is "substantially current" or within 95% of current of his child support obligation, but rather only if he is "current" in his child support obligation. Likewise, it has not been modified to include any "substantially current" language.

[14] Father conceded during the evidentiary hearing that he was not current on his child support obligation at the end of 2012. In making this concession, Father engaged in the following discussion with Mother's counsel:

| | |
|---|---|
| [Mother's Counsel]: | On here it was part of your agreement that you would be even with your child support at the end of the year, correct? |
| [Father]: | Yes. |
| [Mother's Counsel]: | And at the end of 2012 you were not even with your child support; is that correct? |
| [Father]: | Yes and no. |
| [Mother's Counsel]: | Realistically did you owe child support at the end of 2012? |
| [Father]: | Yes. |
| [Mother's Counsel]: | That's not yes or no. |
| [Father]: | Right I owed. |
| [Mother's Counsel]: | So you were behind in child support at the end of 2012? |
| [Father]: | Yes. |

Tr. pp. 51-52. Following the conclusion of the hearing, the trial court found that Mother was entitled to claim Al.R. as a dependent for her 2012 federal and state taxes because Father was not current on his child support obligation.

[15] Upon review, we cannot not say that the trial court's determination was clearly erroneous. While it is true that child support orders, including orders previously agreed to by the parties, are modifiable, *see Hay v. Hay*, 730 N.E.2d 787, 791 (Ind. Ct. App. 2000), the portion of the parties' agreement relating to tax exemptions has not been modified. Further, Father has failed argue, much less to persuade us, that the parties' agreement is illegal or contrary to public policy. As such, we conclude that the trial court properly applied the language of the parties' agreement in determining that Mother, and not Father, was entitled to claim Al.R. as a dependent for the purpose of claiming the relevant tax exemption on her 2012 federal and state tax returns. We therefore affirm the trial court in this regard.

## B. Whether the Trial Court Erred in Denying Father's Motion for Rule to Show Cause

[16] Father also contends that the trial court erred in denying his motion for rule to show cause. Father filed a motion for rule to show cause on or about June 18, 2013. While Father has not provided a copy of this motion in the record on appeal, he claims on appeal that the motion alleged in part that Mother should have been held in contempt because she had violated the parties' agreement by claiming Al.R. as a dependent on her 2012 federal and state taxes. However, having concluded above that the trial court correctly determined that Mother

was entitled to claim Al.R. as a dependent on her 2012 federal and state tax returns, we conclude that the trial court did not err in denying Father's motion for rule to show cause.

# II.  Attorney's Fees

## A.  Whether the Trial Court Erred in Granting Mother's Request for Attorney's Fees

[17]    Father also contends that the trial court erred in awarding Mother $6000.00 in attorney's fees.

> In post-dissolution proceedings, the trial court may order a party to pay a reasonable amount for attorney fees.  Ind. Code § 31-16-11-1 (1998).  The trial court has broad discretion in awarding attorney fees.  *Selke v. Selke*, 600 N.E.2d 100, 102 (Ind. 1992).  We will reverse the trial court's decision if the award is clearly against the logic and effect of the facts and circumstances before the court.  *Id.*
>
> In assessing attorney fees, the court may consider such factors as the resources of the parties, the relative earning ability of the parties, and other factors that bear on the reasonableness of the award.  *Id.*  In addition, any misconduct on the part of one of the parties that directly results in the other party incurring additional fees may be taken into consideration.  *In re Marriage of Lewis*, 638 N.E.2d 859, 861 (Ind. Ct. App. 1994).

*Claypool v. Claypool*, 712 N.E.2d 1104, 1110 (Ind. Ct. App. 1999) (footnote omitted).

> Although it is generally true that a court need not list specific reasons for awarding or not awarding attorney fees in a dissolution action, that general rule is inapplicable when one party has specifically requested findings and conclusions under Trial Rule 52.  *See Fobar v. Vonderahe*, 756 N.E.2d 512, 517-18 (Ind. Ct. App. 2001), *summarily aff'd in relevant*

*part*, 771 N.E.2d 57, 58 n. 1 (Ind. 2002). A trial court must, upon request, make complete special findings sufficient to disclose a valid basis for the legal result reached in the judgment and to provide the parties and reviewing courts with the theory upon which the case was decided. [*Balicki v. Balicki*, 837 N.E.2d 532, 536 (Ind. Ct. App. 2005), *trans. denied*.]

*Maxwell v. Maxwell*, 850 N.E.2d 969, 975 (Ind. Ct. App. 2006).

[18] On November 4, 2013, Father filed a motion requesting findings of fact and conclusions thereon. Father has failed to include a copy of his November 4, 2013 motion in the appellate record. On April 28, 2014, Mother filed a request that Father be ordered to pay a portion of her attorney's fees. In making this request, Mother asserted that Father had engaged in the "frivolous and fictitious filing of motions" and that "[a]s a result of said filings, a total of at least nine (9) petitions, it has been necessary for [Mother's] attorney to expend additional time to defend the motions filed by [Father], even after [Father] was on notice that the filing of said petitions was not based on fact or law[.]" Appellee's App. p. 1. Again, Mother's motion included an affidavit prepared by her attorney setting forth the fees incurred by Mother as a result of Father's allegedly frivolous filings. This motion was properly filed before and could be considered by the trial court. Father did not respond to Mother's request that Father be ordered to pay a portion of her attorney's fees or amend his motion for findings of fact and conclusions thereon to specifically include Mother's request that Father be ordered to pay a portion of her attorney's fees.

[19]     The trial court provided no explanation as to why it ordered Father to pay $6000.00 of Mother's attorney's fees. Father argues that it was an abuse of the trial court's discretion to order him to pay a portion of Mother's attorney's fees without an explanation as to why the trial court imposed the order because Father had filed a motion for findings of fact and conclusions thereon. For her part, Mother argues that the trial court was not required to make special findings with regard to the award of attorney's fees because Mother's request for attorney's fees was filed approximately six months after Father's November 4, 2013 motion and Father did not respond to Mother's request for attorney's fees or amend his November 4, 2013 motion to specifically include Mother's request for attorney's fees.

[20]     We acknowledge the general rule that a trial court must, upon request, make complete special findings sufficient to disclose a valid basis for the legal result reached in the judgment and to provide the parties and reviewing courts with the theory upon which the case was decided. *See Maxwell*, 850 N.E.2d at 975. However, in the instant matter, our review of the scope of Father's November 4, 2013 motion is hampered by the fact that Father has failed to include the motion in the record on appeal. Father, as the appellant, had the duty to provide an adequate record for review. *Page v. Page*, 849 N.E.2d 769, 771 (Ind. Ct. App. 2006) (citing *Mayflower Transit, Inc. v. Davenport*, 714 N.E.2d 794, 799 (Ind. Ct. App. 1999)). In light of Father's failure to provide this court with a copy of his November 4, 2013 motion, we are unable to determine whether it was broad enough in scope to encompass a request for attorney's fees that was

filed approximately six months after the November 4, 2013 motion was filed before the court. Accordingly, we cannot say that the trial court abused its discretion in this regard.

## B. Whether Mother Is Entitled to Receive Appellate Attorney's Fees

[21] We next turn to Mother's request for appellate attorney's fees. In pertinent part, Indiana Appellate Rule 66(E) provides that a court on review "may assess damages if an appeal … is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." In *Orr v. Turnco Manufacturing Co.*, 512 N.E.2d 151, 152 (Ind. 1987), the Indiana Supreme Court noted, that an appellate court "must use extreme restraint" in exercising its discretionary power to award damages on appeal. "Hence, the discretion to award attorney fees under App. R. 66(C) is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay." *Boczar v. Meridian St. Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001) (internal quotation omitted). Here, while we ultimately rule in her favor, we decline to award appellate attorney's fees as requested by Mother.

## Conclusion

[22] In sum, we conclude that the trial court did not err in determining that Mother was entitled to claim Al.R. as a dependent for the purpose of claiming the relevant tax exemption on her 2012 federal and state tax returns or in denying Father's motion for rule to show cause. We further conclude that the trial court

did not abuse its discretion in ordering Father to pay $6000.00 of Mother's attorney's fees. We also decline Mother's request for appellate attorney's fees.

[23] The judgment of the trial court is affirmed.

May, J., and Mathias, J., concur.