ATTORNEY FOR THE RESPONDENT
John L. Tompkins
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Aaron Johnson, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Jul 20 2016, 9:17 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S00-1212-DI-672

IN THE MATTER OF:

TIMOTHY S. DURHAM,

*Respondent.*

Attorney Discipline Action
Hearing Officer Kurt M. Eisgruber

**July 20, 2016**

**Per Curiam.**

We find that Respondent, Timothy Durham, engaged in attorney misconduct. For this misconduct, we conclude that Respondent should be disbarred.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1987 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

In March 2011, Respondent was indicted in federal court on twelve felony counts rooted in a complex scheme of securities and wire fraud. Respondent was convicted on all counts following a jury trial in June 2012 and later was sentenced to fifty years in prison. Respondent's convictions on ten of the twelve counts were affirmed on appeal. U.S. v. Durham, 766 F.3d 672 (7th Cir. 2014), *cert. denied*. On remand, the district court again imposed a fifty-year sentence. With his criminal proceedings now having come to rest, Respondent stands convicted of eight counts of wire fraud, one count of securities fraud, and one count of conspiracy to commit wire and securities fraud. All told, over a period of several years Respondent and two co-defendants defrauded thousands of investors of over $200 million.

The Commission charged Respondent with violating Indiana Professional Conduct Rules 8.4(b) (by committing criminal acts that reflect adversely on his honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). Following a hearing, the hearing officer filed his report to this Court on April 28, 2016, concluding that Respondent violated the rules as charged and recommending that Respondent be disbarred.

## Discussion and Discipline

No petition for review of the hearing officer's report or brief on sanctions has been filed. When neither party challenges the findings of the hearing officer, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d 1257, 1258 (Ind. 2000). We concur in the hearing officer's findings of fact and conclude that Respondent violated Indiana Professional Conduct Rules 8.4(b) and 8.4(c).

Turning to the issue of appropriate discipline, we agree with the hearing officer's assessment in this case that "Respondent's fraudulent actions over an extended period of time . . . suggest a level of greed which knew no bounds and displayed a total lack of concern for the thousands of customers Respondent financially ruined." (HO's Report at 5). In Matter of Page,

8 N.E.3d 199 (Ind. 2014), we concluded that a suspension of at least two years without automatic reinstatement was appropriate discipline for an attorney convicted of a single count of aiding and abetting wire fraud, where the crime had not resulted in loss or injury and the attorney had not violated a position of trust. In sharp contrast, Respondent's convictions on ten felony counts involved an ongoing scheme of wire and securities fraud that spanned several years and caused over $200 million in losses to thousands of victims. We have consistently imposed disbarment where an attorney exhibits a pattern of conversion of client funds. *See*, *e.g.*, Matter of Johnson, ___ N.E.3d ___, 2016 WL 2897399 (Ind. May 18, 2016); Matter of Antcliff, 693 N.E.2d 525 (Ind. 1988). We see no reason to reach a different result with respect to Respondent's fraudulent looting of funds entrusted to him by investors.

## Conclusion

The Court concludes that Respondent violated the Rules of Professional Conduct by defrauding thousands of investors of over $200 million. Respondent already is under an order of interim suspension in this case as well as a separate suspension order for nonpayment of dues. For Respondent's professional misconduct, the Court disbars Respondent from the practice of law in this state, effective immediately. Respondent shall fulfill all the duties of a disbarred attorney under Admission and Discipline Rule 23(26). The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.