RESPONDENT PRO SE
Philip H. Chamberlain
Bloomington, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
David E. Griffith, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 53S00-1303-DI-191



FILED

Dec 18 2017, 2:23 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE MATTER OF:

PHILIP H. CHAMBERLAIN,

*Respondent.*

Attorney Discipline Action
Hearing Officer Christine Talley Haseman

**December 18, 2017**

**Per Curiam.**

We find that Respondent, Philip Chamberlain, engaged in attorney misconduct by committing the crime of counterfeiting. For this misconduct, we conclude that Respondent should be suspended from the practice of law in this state for at least three years without automatic reinstatement, effective from the date of this opinion.

This matter is before the Court on the report of the hearing officer appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action." Respondent's 1990 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

Respondent endorsed a check payable to a third party, siphoned off $10,000 for himself, and provided the payee with a cashier's check for the remainder. Respondent did this without the payee's knowledge or permission. As a result, Respondent was charged with, and eventually pled guilty to, counterfeiting. Respondent was ordered to pay $15,000 in restitution to the victim, although that amount later was reduced to $10,000. Despite the ability and professed intent to make restitution, to date Respondent has paid only about $200.

After Respondent was convicted, the Commission filed a "Notice of Finding of Guilt" on March 14, 2013, and we issued an order on June 11, 2013, suspending Respondent on an interim basis. *See* Indiana Admission and Discipline Rule 23(11.1)(a). The Commission filed a "Verified Complaint for Disciplinary Action" against Respondent on October 28, 2013. Thereafter, Respondent sought and was granted a stay of these disciplinary proceedings pending resolution of certain proceedings in his criminal case. On November 7, 2016, we issued an order lifting the stay. Following an evidentiary hearing, the hearing officer filed her report on September 6, 2017.

## Discussion and Discipline

The Commission alleged, the hearing officer found, and Respondent admits violations of Indiana Professional Conduct Rules 8.4(b) (by committing a criminal act that reflects adversely on his honesty, trustworthiness, or fitness as a lawyer) and 8.4(c) (by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation). We likewise conclude that Respondent violated Rules 8.4(b) and 8.4(c) as charged.

Respondent has petitioned for review, challenging certain findings in aggravation made by the hearing officer as well as the hearing officer's rejection of two mitigating factors proffered by Respondent.

The hearing officer found the following six facts in aggravation, of which Respondent challenges the first three: (1) the victim was vulnerable; (2) Respondent has refused to

2

acknowledge the wrongful nature of his misconduct; (3) Respondent has been indifferent to making restitution; (4) Respondent's misconduct was illegal in nature; (5) Respondent's misconduct was due to a dishonest or selfish motive; and (6) Respondent has substantial experience in the practice of law.

We find ample support for the hearing officer's comprehensive and well-reasoned findings. In his own testimony, Respondent described the victim as a "broken man" at the time Respondent met him, which was shortly before Respondent committed the acts underlying his criminal conviction. (Tr. at 122). Although Respondent pled guilty, he has spent many of the intervening years denying that he committed counterfeiting and filing multiple collateral attacks, including an "Amended Motion for Relief [from] Judgment" filed in the criminal court shortly before final hearing in this matter in which Respondent alleged that his guilty plea and restitution order resulted from fraud and misconduct by the victim, the prosecutor, the judge, and the Indiana Securities Division. (Comm'n Ex. 47). And finally, the numerous promises made by Respondent over the years to pay the restitution, his failure to honor those promises despite an ability to pay, and the myriad efforts engaged in by Respondent to avoid his restitution obligation, are well-chronicled in Respondent's own pleadings and testimony, the hearing officer's report, and orders issued by the criminal court.[1]

The hearing officer found two mitigating factors (Respondent's lack of prior discipline and his cooperation with disciplinary proceedings), but Respondent argues the hearing officer should have found two more. Again though, we find ample support for the hearing officer's findings and analysis. For the reasons described above, Respondent's argument that he engaged in a "timely good faith effort to make restitution or to rectify [the] consequences of [his] misconduct" does not pass the straight face test. And under the circumstances of this case, the

---

[1] To cite just two illustrative examples, Respondent briefly made $20 monthly installment payments toward his restitution obligation, but ceased doing so immediately after his motions to terminate his probation early and to reduce his conviction from a class D felony to a class A misdemeanor were granted by the criminal court in 2014. (Tr. at 66; Comm'n Ex. 44, p. 2). And in 2016, Respondent brought a cashier's check for full restitution plus interest to a hearing on a motion to correct error Respondent had filed, but refused to part with the check unless the State would agree to an early expungement of Respondent's conviction. (Id.) After the State rebuffed Respondent's proposal, Respondent wrote directly to the victim, threatening "that if I prevail on my pending motions the restitution award could be reduced to nothing[.]" (Respondent's Ex. K).

delay between Respondent's misconduct and the resolution of these disciplinary proceedings is not mitigating in nature. In the criminal case, Respondent was charged with five class C felonies in May 2008, he pled guilty to a single count of counterfeiting in October 2012 after several delays and continuances largely attributable to Respondent, and judgment of conviction and sentence were entered in February 2013. The Commission initiated these disciplinary proceedings just one month later. In May 2014, just two weeks prior to the scheduled final hearing in this matter, Respondent requested that his disciplinary case be stayed pending final disposition of proceedings on direct review of Respondent's restitution order. We granted Respondent's request in June 2014, and we lifted the stay in November 2016, about two weeks after the Court of Appeals' memorandum decision in Respondent's criminal direct appeal was certified as final. An evidentiary hearing in this matter was held three months later, in February 2017. In sum, while there have been several delays in both Respondent's criminal and disciplinary proceedings, these delays are attributable almost entirely to Respondent.

Turning to the ultimate question of sanction, misconduct of this nature usually warrants either a lengthy suspension without automatic reinstatement or else disbarment. *See, e.g.,* Matter of Durham, 55 N.E.3d 302 (Ind. 2016) (disbarment imposed on attorney who was convicted of multiple felony counts arising from a wide-ranging scheme to defraud investors); Matter of Page, 8 N.E.3d 199 (Ind. 2014) (approving agreed suspension of two years without automatic reinstatement, not retroactive to the date of interim suspension, for attorney convicted of a single count of aiding and abetting wire fraud). The Commission has not sought disbarment in this case. The hearing officer recommended that Respondent be suspended for a significant period of time without automatic reinstatement, that Respondent's suspension not be retroactive to the date of his interim suspension, and that Respondent be required to pay full restitution to the victim prior to filing a petition for reinstatement. Upon careful consideration of the materials before us, we agree in full with the hearing officer's recommendation.

**Conclusion**

Respondent already is under an order of interim suspension in this matter. For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of not less than three years, without automatic reinstatement, effective

from the date of this opinion. At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18). Further, any such petition for reinstatement shall be accompanied by proof that full restitution has been paid to the victim and shall be subject to summary dismissal if such proof is lacking.

The costs of this proceeding are assessed against Respondent, and the hearing officer appointed in this case is discharged.

All Justices concur.